28 F.3d 110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles L. SALTER, Defendant-Appellant.
 No. 93-15340.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 18, 1994.
Decided June 23, 1994.
 
 Before: D.W. NELSON, BOOCHEVER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Salter appeals the district court's decision upholding his convictions pursuant to guilty pleas and a bench trial before a magistrate judge. He contends that his conviction for operating a motor vehicle while under the influence of alcohol pursuant to 36 C.F.R. Sec. 4.23(a)(1) ("DUI conviction"), following his prior guilty plea to unsafe operation of a motor vehicle pursuant to 36 C.F.R. Sec. 4.22(b)(1) ("unsafe operation"), was obtained in violation of the Double Jeopardy Clause and was not supported by sufficient evidence. Salter also argues that his convictions must be vacated because the complaint was not properly signed pursuant to Fed.R.Crim.P. 3 and prejudicially incorporated the testifying Park Ranger's affidavit supporting probable cause. The district court had jurisdiction over Salter's first appeal pursuant to 18 U.S.C. Sec. 3402. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * Salter contends that his DUI conviction was obtained in violation of the Double Jeopardy Clause. He seeks reversal on the strength of Blockburger v. United States, 284 U.S. 299 (1932) and Grady v. Corbin, 495 U.S. 508 (1990).
 
 
 4
 We review de novo the denial of a motion to dismiss on double jeopardy grounds. United States v. Lun, 944 F.2d 642, 644 (9th Cir.1991). The Double Jeopardy Clause prohibits successive prosecutions or multiple punishments for the same criminal act or transaction. Corbin, 495 U.S. at 516. Under Blockburger, the Double Jeopardy Clause is implicated when the defendant is prosecuted or punished under two criminal statutes unless each statute "require[s] proof of a fact which the other does not." 284 U.S. at 304. In Corbin, the Supreme Court construed the Double Jeopardy Clause to bar subsequent prosecutions when, to establish an essential element of an offense charged, the government proves conduct that constitutes the entire offense for which the defendant has already been prosecuted. 495 U.S. at 521.
 
 
 5
 Salter's Double Jeopardy argument is without merit under Blockberger. The elements of unsafe operation under 36 C.F.R. Sec. 4.22(b)(1) are (1) operating a motor vehicle, (2) without due care. The elements of DUI under 36 C.F.R. Sec. 4.23(a)(1) are (1) operating or being in physical control of a motor vehicle, (2) while under the influence of alcohol to a degree that renders the operator incapable of safe operation. A DUI conviction pursuant to Sec. 4.23(a)(1) requires the government to establish that the defendant was under the influence of alcohol, an element not required under the unsafe operation statute. A conviction for unsafe operation, moreover, requires the government to establish that the defendant operated a motor vehicle without due care, an element not required under the DUI statute.
 
 
 6
 Contrary to Salter's contention, the phrase "to a degree that renders the operator incapable of safe operation" does not require the government to demonstrate that a defendant failed to exercise due care. Rather, the phrase describes the degree of intoxication necessary to establish that the defendant was under the influence of alcohol within the meaning of the statute. Although driving without due care may be probative of a defendant's level of intoxication, Sec. 4.23(a)(1) does not require proof of this as an element of the offense.
 
 
 7
 Salter's reliance on Corbin is also misplaced. We initially note that the Supreme Court overruled that decision in United States v. Dixon, 113 S.Ct. 2849 (1993). We need not address whether applying Dixon would constitute a manifest injustice because the instant facts are readily distinguishable from those of Corbin. The Supreme Court expressly limited its holding in Corbin to bar successive prosecutions. See 495 U.S. at 524. Unlike the charging agencies in Corbin, the government in the instant case included all of the counts against Salter in a single complaint and was prepared to proceed against him on all of the charged counts at trial. It was only Salter's guilty plea as to two counts in the indictment and his subsequent motion to dismiss that caused the appearance of a Corbin problem. Despite this effort at bootstrapping, Salter's conviction following his pretrial plea did not constitute a successive prosecution and does not implicate the rationales underlying Corbin.
 
 II
 
 8
 Salter contends that the evidence was insufficient to support his DUI conviction. Specifically, he argues that the government failed to prove beyond a reasonable doubt that he was "under the influence of alcohol to a degree that rendered him incapable of safe operation."
 
 
 9
 We review the sufficiency of the evidence under a rational trier of fact standard. Prantil v. California, 843 F.2d 314, 316 (9th Cir.), cert. denied, 488 U.S. 861 (1988) (per curiam).
 
 
 10
 Ranger Roybal testified that he observed Salter's vehicle weaving and, at times, striking the center and shoulder lines of the roadway. He further testified that he smelled alcohol about Salter's person, that Salter's speech was slurred and that his eyes were bloodshot and watery. When asked if he had been drinking, Salter admitted to having had "a couple," and an opened, partially drained beer can was found in between the seats in the cab of his truck. Ranger Roybal also testified that Salter failed several Field Sobriety Tests, including the One Leg Stand, the Handpat and the Written-Alphabet-Count Backward Test. This was ample evidence of physical and mental impairment reasonably linked to the consumption of alcohol. See United States v. Coleman, 750 F.Supp. 191, 196 (W.D.Va.1990).
 
 
 11
 Salter forcefully challenges the reliability and the probative value of the Field Sobriety Tests. However, even accepting his assertion that the tests were performed in "heavy rain and wind in an area containing rocks, grave[l] and other debris," viewing the evidence in the light most favorable to the government, we conclude that a rational trier of fact could have found this evidence sufficient to find Salter guilty beyond a reasonable doubt.
 
 III
 
 12
 Salter argues that the district court erred by failing to grant his motion to dismiss on the basis that the complaint did not comply with the formal requirements of Fed.R.Crim.P. 3. Specifically, he points out that his copy of the complaint was not signed.
 
 
 13
 Rule 3 provides that "[t]he complaint ... shall be made upon oath before a magistrate." Accepting Salter's premises that the original complaint was not subscribed when the testifying officer was sworn and that Rule 3 imposes a contemporaneous subscription requirement, we nonetheless note that Salter cites neither compelling logic nor authority for the proposition that the officer's failure to subscribe to the complaint constitutes reversible error. The preparation and filing of post-arrest complaints is usually a matter of pro forma routine. See Gaither v. United States, 413 F.2d 1061, 1076 (D.C.Cir.1969). Absent additional circumstances not before us on this appeal, we conclude that the failure to subscribe to a post-arrest complaint is not reversible error.
 
 IV
 
 14
 Salter contends that the attachment of a supporting affidavit to the complaint violates the Due Process Clause and 28 U.S.C. Sec. 455. Relying on United States v. Van Griffin, 874 F.2d 634 (9th Cir.1989), he argues that the presence of the affidavit creates the appearance of bias and serves to unduly enhance the credibility of the government's witnesses.
 
 
 15
 Salter's reliance on Van Griffin is misplaced. In Van Griffin, we reasoned that the presiding magistrate should have disqualified himself pursuant to Sec. 455 because his possession of the testifying ranger's incident report during the proceeding could have lead a reasonable person to doubt his impartiality. 874 F.2d at 637. We concluded, however, that there was no cause to vacate Van Griffin's conviction because there was no indication that the magistrate read the incident report and because Van Griffin's conviction was supported by sufficient evidence regardless of whether the magistrate examined the incident report. Id. at 137-38.
 
 
 16
 Although we agree with Salter that attaching the affidavit to the complaint is a "bad practice" from the standpoint of Sec. 455, we find no evidence that the magistrate relied on the affidavit in any way or that, but for the affidavit, Salter would not have been convicted. There was no reversible error.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3