COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Annunziata and Overton
Argued at Norfolk, Virginia


JAMES BERNARD PROPST
                                        OPINION
v.        Record No. 0347-96-1    BY JUDGE JOSEPH E. BAKER
                                       JUNE 3, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ISLE OF WIGHT COUNTY
                     Westbrook J. Parker, Judge

            Archer L. Jones, II (Jones & Jones, P.C., on
            brief), for appellant.

            Kimberley A. Whittle, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


     James Bernard Propst (appellant) appeals his bench trial

conviction for driving or operating a motor vehicle while

intoxicated in violation of Code § 18.2-266.  Appellant contends

that the Commonwealth failed to prove that he was "operating" a

motor vehicle while intoxicated and that his conviction should

therefore be reversed.  We disagree and affirm appellant's

conviction.

     On appeal, we view the evidence in the light most favorable

to the Commonwealth, granting to it all reasonable inferences

fairly deducible therefrom.  Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987).  Viewed accordingly, the

evidence establishes that on July 25, 1995, at approximately 9:32

p.m., Trooper Scott Burgett was dispatched to investigate a

vehicle stopped in the intersection of Routes 665 and 711.  He

arrived at the intersection and found appellant's pickup truck stopped in the roadway. The truck was situated in the travel lane of Route 665. The truck's hood was protruding into the intersection beyond the plane of a stop sign which controlled traffic entering Route 711 from Route 665. The truck's headlights and tail lights were on.

Burgett approached the truck and found appellant asleep in the driver's seat with his seat belt fastened and the driver's side window down. The truck's engine was not running. Burgett noticed that the dashboard lights were illuminated, including two red warning lights. The key was in the ignition, and the manual gearshift was in either first or third gear. Burgett, however, said that he could not state with certainty that the ignition switch was in the on position. Burgett found a pizza on the front seat and beer on the floor of the truck.

Burgett woke appellant. Appellant stated that he had experienced some problems with his wife and that he had been "driving around." Appellant told Burgett he had stopped for a pizza and was on his way home. Burgett smelled a strong odor of alcohol on appellant. Appellant's face was flushed, his eyes were bloodshot, and his clothing was very disheveled. Burgett asked appellant to perform several field sobriety tests. He failed all of them. Appellant admitted he had consumed two beers about two hours earlier.

Burgett placed appellant under arrest for driving under the

influence and transported him to the Smithfield Police Department for a breath analysis. Appellant's blood alcohol content was 0.18 percent at 11:12 p.m., more than twice the legal limit.

Appellant asserts that the Commonwealth failed to prove his guilt beyond a reasonable doubt because the evidence did not show that the ignition of his truck was "on" or that the motor was running. Therefore, he argues that the evidence is insufficient to convict him. We disagree.

"Operator" is defined in Code § 46.2-100 to include "[e]very person who drives or is in actual physical control of a motor vehicle on a highway" or who "is exercising control over or steering a vehicle being towed by a motor vehicle." Contrary to appellant's assertion, neither this Court nor the Virginia Supreme Court has fashioned a bright line rule that a vehicle's motor must be running or its ignition switch must be in the "on" position for a defendant to be convicted of driving or operating a motor vehicle while intoxicated in violation of Code § 18.2-266.

Appellant relies upon Stevenson v. City of Falls Church, 243 Va. 434, 416 S.E.2d 435 (1992), and Williams v. City of Petersburg, 216 Va. 297, 217 S.E.2d 893 (1975). However, his reliance is misplaced. In Williams, the defendant's conviction was affirmed on the basis that the engine was running and when a policeman tapped on the window of the vehicle the defendant made a motion toward the gearshift. Id. at 301, 217 S.E.2d at 896.

Stevenson's conviction was reversed not only because his engine was off but because none of the vehicle's mechanical or electrical equipment was engaged. Stevenson, 243 Va. at 435, 416 S.E.2d at 436. In Stevenson, the officer could not recall the position of the ignition switch. Id. Neither case sets forth a bright line rule that in order for a defendant to be convicted under Code § 18.2-266, the vehicle's ignition switch must be engaged or its motor running. Instead, Stevenson and Williams merely suggest that these are factors which a trial court should consider.

"'[O]perating' a vehicle within the proscription of the drunk driving statute 'not only includes the process of moving the vehicle from one place to another, but also includes starting the engine, or manipulating the mechanical or electrical equipment of the vehicle without actually putting the car in motion.'" Id. at 438, 416 S.E.2d at 437 (citation omitted). In Lyons v. Petersburg, 221 Va. 10, 266 S.E.2d 880 (1980), a defendant was convicted under a City of Petersburg driving under the influence ordinance because the defendant was found at the scene of an accident behind the steering wheel of a vehicle. Id. at 12, 266 S.E.2d at 881. The Virginia Supreme Court noted that "[i]t can be inferred that Mr. Lyons' car was where it was at the time because he drove it there, and that the accident . . . occurred at a time when Lyons was in actual physical control of and operating his own vehicle." Id. at 13, 266 S.E.2d at 881.

- 4 -

Burgett found appellant's truck in the travel lane protruding into the intersection.  The truck's headlights and tail lights were illuminated, and its key was in the ignition switch.  The truck was in either first or third gear.  Appellant had his safety belt fastened and admitted he had been driving around and was "headed home."  The trial court correctly concluded from this circumstantial evidence that the only plausible way for the truck to have arrived at the intersection was for appellant to have driven it there while under the influence of alcohol.

Appellant's blood alcohol content was more than twice the legal limit, and, by his own admission, he had moved the vehicle from one place to another.  Clearly, the circumstantial evidence was sufficient for the trial court to convict appellant.

Accordingly, for the foregoing reasons, appellant's conviction is affirmed.

Affirmed.