COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Frank and Senior Judges Hodges
Argued at Salem, Virginia


MARK ALLEN KEESEE
                                        OPINION BY
v.    Record No. 1962-98-3           JUDGE ROBERT P. FRANK
                                         APRIL 25, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
                  J. Samuel Johnston, Jr., Judge

            Aubrey J. Rosser, Jr., for appellant.

            H. Elizabeth Shaffer, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Mark Allen Keesee (appellant) appeals his conviction after

a bench trial of driving while under the influence of alcohol in

violation of Code § 18.2-266.  On appeal, he contends the trial

court erred in finding that:  1) he was operating the vehicle

and 2) he was operating the vehicle within two hours of his

arrest.  We disagree and affirm the conviction.

                        I.  BACKGROUND

     On March 28, 1997, Trooper Keith Childress of the Virginia

State Police was dispatched at 1:26 a.m. to the scene of an

accident on Route 29 in Campbell County.  Childress arrived at

the scene at 1:42 a.m. and discovered a vehicle turned on its

side on the highway.  Emergency workers were on the scene and

ten to fifteen cars were backed up on the highway.  Childress

testified that the highway is heavily traveled, even during nighttime hours.

Appellant was in the vehicle, and his legs were pinned under the steering wheel and dashboard. His torso was hanging out of the window. Appellant was conscious but was unable to move because he was trapped inside the car.

Childress saw that the keys to the vehicle were in the ignition and that the vehicle was in gear, held in place by a bungee cord wrapped around the bottom of the gear shifter. One of the vehicle's taillights was illuminated. The car's engine was not running. Childress observed five empty beer cans in and around the vehicle.

When Childress spoke to appellant, appellant stated that he was headed home and he lived just up the road. Appellant was unable to remember the details of the accident. Childress noticed that appellant had a strong odor of alcohol on his breath, that appellant's eyes were glassy and bloodshot, and that appellant's speech was slurred. Appellant admitted to Childress that he had consumed two beers earlier in the evening and had nothing to drink after the accident occurred.

At 2:20 a.m., in the ambulance, Childress advised appellant that he was under arrest for driving while under the influence of alcohol. Childress also advised appellant of the state's implied consent law when they arrived at the hospital at 3:00 a.m. At 3:56 a.m., a nurse at the hospital drew

appellant's blood for a blood alcohol content test.  Appellant

did not object to the drawing of his blood.

The trial court, by letter opinion, ruled that the results

of appellant's blood test were admissible because appellant was

operating the vehicle when Childress arrived at the scene of the

accident at 1:42 a.m.

## II.  ANALYSIS

"On appeal, we view the evidence in the
light most favorable to the Commonwealth,
granting to it all reasonable inferences
fairly deducible therefrom.  The judgment of
a trial court sitting without a jury is
entitled to the same weight as a jury
verdict and will not be set aside unless it
appears from the evidence that the judgment
is plainly wrong or without evidence to
support it."

Wilkins v. Commonwealth, 18 Va. App. 293, 295, 443 S.E.2d 440,

442 (1994) (en banc) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).

Code § 18.2-266 states, in part:

It shall be unlawful for any person to
drive or operate any motor vehicle, engine
or train (i) while such person has a blood
alcohol concentration of 0.08 percent or
more by weight by volume or 0.08 grams or
more per 210 liters of breath as indicated
by a chemical test administered as provided
in this article, (ii) while such person is
under the influence of alcohol, (iii) while
such person is under the influence of any
narcotic drug or any other self-administered
intoxicant or drug of whatsoever nature, or
any combination of such drugs, to a degree
which impairs his ability to drive or
operate any motor vehicle, engine or train
safely, or (iv) while such person is under

the combined influence of alcohol and any
drug or drugs to a degree which impairs his
ability to drive or operate any motor
vehicle, engine or train safely.  A charge
alleging a violation of this section shall
support a conviction under clauses (i),
(ii), (iii) or (iv).

Code § 46.2-100 defines an operator as one who "either (i) drives or is in actual physical control of a motor vehicle on a highway or (ii) is exercising control over or steering a vehicle being towed by a motor vehicle."

Code § 18.2-268.2(A) states:

Any person, whether licensed by
Virginia or not, who operates a motor
vehicle upon a highway, as defined in
§ 46.2-100, in this Commonwealth shall be
deemed thereby, as a condition of such
operation, to have consented to have samples
of his blood, breath, or both blood and
breath taken for a chemical test to
determine the alcohol, drug, or both alcohol
and drug content of his blood, if he is
arrested for violation of § 18.2-266 or
§ 18.2-266.1 or of a similar ordinance
within two hours of the alleged offense.

We believe that this case is on point with our decision in Propst v. Commonwealth, 24 Va. App. 791, 485 S.E.2d 657 (1997). In Propst, the defendant was found behind the wheel of his pickup truck, which was stopped in an intersection.  See id. at 792-93, 485 S.E.2d at 658.  The defendant was asleep in the driver's seat with the seat belt fastened around him.  See id. at 793, 485 S.E.2d at 658.  The truck's engine was not running, but the key was in the ignition.  See id.  The dashboard lights were illuminated as were the headlights and taillights.  See id.

The truck was in gear.  See id.  The defendant told the officer that he had been "'driving around'" and was on his way home.  See id.  The officer smelled an odor of alcohol on the defendant, the defendant's face was flushed and the officer saw beer on the floor of the truck.  See id.  The defendant told the officer that he had consumed two beers earlier in the evening.  See id.  We held that the evidence was sufficient to find that the defendant was "operating" the truck within the proscription of the drunk driving statute.  See id. at 793, 485 S.E.2d at 659.

In this case, appellant argues that he was unable to operate the vehicle because the vehicle was crashed and he was "in an incapacitated" position.  Appellant relies on Overbee v. Commonwealth, 227 Va. 238, 315 S.E.2d 242 (1984), in support of his argument.  The defendant in Overbee, however, was standing outside the vehicle when the officer found him.  See id. at 243, 315 S.E.2d at 244.  Appellant, however, was in the vehicle with his legs pinned under the steering wheel.

In Lyons v. City of Petersburg, 221 Va. 10, 13, 266 S.E.2d 880, 881-82 (1980), the Supreme Court held that the defendant, whose car was involved in an accident, "remained in possession of his vehicle, and 'in actual physical control' thereof, until he was removed from the vehicle . . . ."  In Gallagher v. Commonwealth, 205 Va. 666, 670, 139 S.E.2d 37, 40 (1964), the Supreme Court wrote, "[T]he word 'operate' . . . is not limited

to moving the vehicle from one place to another . . . ." We construe this language to mean that a vehicle need not be functional in the sense of being able to move from place to place in order to be "operated." We, therefore, reject appellant's argument based on Overbee.

Appellant was alone in the vehicle when Childress arrived at the scene of the accident. The car was in gear, and the key was in the ignition. One of the taillights was illuminated. Appellant told Childress that he was "heading home" and that he had consumed two beers earlier in the evening. Appellant had an odor of alcohol on his breath, his eyes were bloodshot and glassy, and his speech was slurred. The evidence, under Propst, Lyons, and Gallagher, was sufficient to prove that appellant was "operating" the vehicle when Childress arrived on the scene at 1:42 a.m. Appellant was arrested at 2:20 a.m., within two hours of the offense, as required by Code § 18.2-268.2. Therefore, the blood alcohol test was admissible. Accordingly, we affirm appellant's conviction.

Affirmed.