COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Annunziata and Humphreys
Argued at Alexandria, Virginia


KEVIN EUGENE CARTER

                                    MEMORANDUM OPINION* BY
v.    Record No. 2635-00-4     CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         DECEMBER 27, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                     Thomas D. Horne, Judge

         Cindy Leigh Decker, Assistant Public
         Defender, for appellant.

         Steven A. Witmer, Assistant Attorney General
         (Mark L. Earley, Attorney General, on
         brief), for appellee.


     Kevin Eugene Carter (appellant) was convicted in a jury

trial of unlawfully driving a motor vehicle on a highway while

under the influence of alcohol (DUI) in violation of Code

§ 18.2-266.  The sole issue on appeal is whether the evidence

was sufficient to support the jury's guilty verdict of driving

under the influence.[1]  For the following reasons, we affirm the

judgment of the trial court.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] Appellant was also convicted of operating a motor vehicle
after having been declared an habitual offender, 2nd offense;
however, that conviction is not the subject of this appeal.

## I. BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to it all reasonable inferences fairly deducible therefrom. See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

So viewed, the evidence established that on November 5, 1999, at approximately 8:40 p.m., Charles Robert Rogers (Rogers) was driving south on Meetze Road in the direction of Route 28 in Fauquier County. When Rogers approached Beach Street, a dark blue sedan drove through a stop sign and made a wide right-hand turn onto Meetze Road. The car veered into the wrong travel lane before the driver corrected his course and traveled south in the appropriate lane. Approximately twenty seconds later, the sedan turned onto Casanova Road. Rogers also turned onto Casanova Road and was travelling at fifty miles per hour. The blue car's speed kept increasing until Rogers lost sight of it. Shortly thereafter, Rogers reached a turn in the road and saw the blue sedan on the side of the road where it had struck a detached garage. Rogers stopped at the scene of the accident and remained there for about twenty or twenty-five minutes. At trial, Rogers saw pictures of the crash site which he said were a fair and accurate depiction of the scene. Two of these pictures show appellant to be trapped behind the wheel and the sole occupant of the car.

Trooper Bradley Morris (Trooper Morris) of the Virginia State Police was dispatched to the accident at approximately 9:06 p.m. and arrived at the scene at 9:16 p.m. to find appellant trapped in the car on the driver's side. The Catlett Fire Department and Rescue Squad arrived and had to cut off the top of the vehicle to free appellant. When appellant was placed in the ambulance Trooper Morris observed his eyes to be bloodshot and watery and he smelled of alcohol. There were no other occupants in or near the crash scene.

The Commonwealth rested, and appellant made a motion to strike contending that (1) no proof established that appellant was operating the vehicle and (2) no evidence proved that appellant was under the influence of drugs or alcohol at the time he was operating the vehicle. The trial court denied appellant's motion and found sufficient circumstantial evidence to support his being the operator of the vehicle. It noted the erratic driving and said that from appellant's position in the car, "the Jury might fairly conclude [it] would have been impossible for him to get into that position but for the fact that he was operating this motor vehicle at the time of the collision." It denied the second ground and found that:

> [T]he Jury could conclude in this case that the Defendant, given his condition as evident from this photograph, had not had anything to drink after the accident. He smelled of alcohol, had red eyes; and then as the Commonwealth Attorney has said, operated –– they could infer that he

operated the vehicle in the fashion which he
did, that they could find him guilty under
the circumstances.

Appellant then testified that there were several people in
the car and that "William Brown" was the driver and he was a
passenger. He acknowledged that the car belonged to his wife.
Appellant claimed that as a result of the accident he was
unconscious and as he was regaining his senses, Brown and the
other two passengers were trying to help him get out of the car.
However, while he was trying to get out, the roof of the garage
collapsed and the other three people left. Neither Brown nor
the other two passengers appellant described testified at trial.
The jury found appellant guilty of DUI and imposed a sentence of
twelve months incarceration. Appellant timely noted his appeal.

## II. STANDARD OF REVIEW

"On review, this Court does not substitute its judgment for
that of the trier of fact. Instead, the jury's verdict will not
be set aside unless it appears that it is plainly wrong or
without supporting evidence." Canipe v. Commonwealth, 25 Va.
App. 629, 644, 491 S.E.2d 747, 754 (1997) (internal citations
omitted).

## III. OPERATION OF THE CAR

Appellant first argues that the evidence was insufficient
to prove that he was the driver of the car because no one at
trial testified that he was the driver and he denied operating
the vehicle. Although Trooper Morris found appellant behind the

- 4 -

wheel of the vehicle, he did not observe appellant manipulating any of the mechanical or electrical equipment of the car. Appellant thus contends that the evidence is insufficient to support a conclusion that he drove the car. This argument is without merit.

"'[C]ircumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" Williams v. Commonwealth, 33 Va. App. 796, 807, 537 S.E.2d 21, 26 (2000) (quoting Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983)). "However, 'the Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant.'" Wilson v. Commonwealth, 31 Va. App. 495, 509, 525 S.E.2d 1, 8 (2000) (quoting Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993)).

> The credibility of a witness and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt. See Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (en banc).

*Marable v. Commonwealth,* 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

Code § 46.2-100 defines an operator as one who "either (i) drives or is in actual physical control of a motor vehicle on a highway or (ii) is exercising control over or steering a vehicle being towed by a motor vehicle."

In Keesee v. Commonwealth, 32 Va. App. 263, 527 S.E.2d 473 (2000), we found the evidence sufficient to prove the appellant was "operating" a motor vehicle on very similar facts. In that case, the police officer who arrived at the scene of an accident found the appellant to be the only person in the car. He was trapped in the car with his legs pinned under the steering wheel and dashboard, and he was unable to move.

In the instant case, viewed in the light most favorable to the Commonwealth, appellant was the sole occupant of the car at the scene of the accident. No one else was present at or near the crash site, and the car belonged to his wife. The jury was not required to believe appellant, a convicted felon, but rather could determine that he was being untruthful in his testimony that other people were in the car. Additionally, appellant was immobilized behind the wheel and had to be cut out of the car. The fact that he was trapped behind the wheel is evidence tending to negate his explanation that he was sliding over to get out of the car. The jury was entitled to disbelieve appellant's self-serving statements and conclude that he was the

operator of the vehicle. Accordingly, we cannot say that the judgment is plainly wrong or without evidence to support it.

### IV. INTOXICATION AT THE TIME OF THE ACCIDENT

Appellant next contends that, assuming he was the driver, the Commonwealth failed to prove that he was intoxicated at the time of the accident because no field sobriety tests, blood tests, or breath tests were admitted into evidence to show his level of intoxication. He argues that the driving behavior testified to by Rogers and the description by Trooper Morris of appellant's eyes being bloodshot and his having the odor of alcohol were insufficient to show intoxication. Additionally, appellant argues that no evidence established whether or not he had consumed alcohol after the accident or whether there had been alcohol in the car that had just spilled onto him.

Code § 18.2-266, the statute under which appellant was convicted, makes it unlawful for anyone "to drive or operate any motor vehicle . . . while under the influence of alcohol."[2]

Further, "[t]he court or jury trying the case involving a violation of clause (ii), (iii) or (iv) of § 18.2-266 or § 18.2-266.1 shall determine the innocence or guilt of the defendant from all the evidence concerning his condition at the

---

[2] Code § 4.1-100 defines "intoxicated" as "a condition in which a person has drunk enough alcoholic beverages to observably affect his manner, disposition, speech, muscular movement, general appearance or behavior."

time of the alleged offense."  Code § 18.2-268.10 (emphasis added).

We also find no merit to appellant's argument that the Commonwealth failed to meet its burden because they presented no alcohol tests.  Code § 18.2-268.10 allows the trier of fact to look at <u>all</u> the evidence regarding the condition of the defendant at the time of the alleged offense.

> [T]he admission of the blood or breath test results <u>shall not</u> limit the introduction of any other relevant evidence bearing upon any question at issue before the court, and the court shall, regardless of the result of any blood or breath tests, <u>consider other relevant admissible evidence</u> on the condition of the accused.

<u>Id.</u> (emphasis added).

In the instant case, properly viewed, the Commonwealth's evidence proved that appellant drove his car erratically, swerved across the center line and exceeded the speed limit.  A short time later his car crashed with great force into a garage, trapping appellant behind the wheel.  Further, when Trooper Morris saw appellant, his eyes were bloodshot and watery and he smelled of alcohol.  <u>See</u> <u>Overbee v. Commonwealth</u>, 227 Va. 238, 245, 315 S.E.2d 242, 245 (1984) ("The jury could conclude that if Overbee smelled [of] alcohol and had red eyes, yet did not drink after he stopped his truck, then he must have consumed alcoholic beverages before or during his operation of the vehicle.").  The fact finder could reasonably find that this

evidence established that appellant was intoxicated and the alcohol had affected his "manner, disposition, speech, muscular movement, general appearance or behavior." Code § 4.1-100.

Next, appellant contends that pursuant to Bland v. City of Richmond, 190 Va. 42, 55 S.E.2d 289 (1949), and Coffey v. Commonwealth, 202 Va. 185, 116 S.E.2d 257 (1960), this case must be reversed because the Commonwealth failed to exclude the hypothesis that appellant became intoxicated after the car wreck. This case is distinguishable from Bland and Coffey.

In Bland, the Court held that the officer's testimony that Bland was intoxicated and talked with a "thick tongue" supported a reasonable inference of intoxication. However, the Court held that the vagueness in time between when the accident occurred and when Bland returned to the scene did not exclude the reasonable hypothesis that he drank alcohol between the time he left his car and the time he was picked up.

In Coffey, the defendant's conviction for drunk driving was reversed because there was conflicting evidence regarding whether or not Coffey had consumed alcohol following the accident. While there was sufficient evidence of intoxication, Coffey's son testified that he had given his father a drink of whiskey after the accident. In the instant case, there is no evidence of either opportunity or ability to consume alcohol after the accident. Rogers found appellant trapped in the car immediately after the crash and unable to move. Appellant did

- 9 -

not leave the scene of the accident, and there was no evidence of alcohol at or near the car. Additionally, appellant testified that he was unconscious and unable to move. This evidence negates any "reasonable hypothesis of innocence" that appellant drank alcohol after the accident.

The circumstantial evidence was sufficient to prove that appellant was intoxicated when he drove his wife's car, and no evidence shows that he became intoxicated after the wreck. Accordingly, we cannot say that the judgment is plainly wrong or without evidence to support it.

<u>Affirmed.</u>