COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Annunziata and Senior Judge Hodges
Argued at Alexandria, Virginia


PABLO T. DOSSOLA

                                              OPINION BY
v.    Record No. 2824-00-4       JUDGE JAMES W. BENTON, JR.
                                          FEBRUARY 5, 2002
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Kathleen H. MacKay, Judge

          A. Andrew Giangreco; Louis Koutoulakos for
          appellant.

          Stephen R. McCullough, Assistant Attorney
          General (Mark L. Earley, Attorney General;
          Shelly R. James, Assistant Attorney General,
          on brief), for appellee.


     The sole issue raised by this appeal is whether the trial

judge erred by finding that Pablo T. Dossola violated the terms

and conditions of his probation, which was granted under Code

§ 18.2-251.  We affirm the judgment.

                                I.

     On June 10, 1999, Dossola pled guilty in the circuit court

to possession of marijuana in violation of Code § 18.2-250.1.

The trial judge found that the facts were sufficient to prove

Dossola's guilt, granted Dossola's motion to defer further

proceedings without entering a judgment, and placed him on

probation pursuant to Code § 18.2-251.  The terms of the

probation included a condition that Dossola be of "good behavior for a period of one . . . year."

On July 7, 2000, at a hearing to consider Dossola's compliance with the terms and conditions of his probation, the trial judge denied Dossola's motion to dismiss the proceedings and continued the matter for a hearing upon the Commonwealth's allegation that Dossola had violated the terms and conditions of his probation. After a hearing at which Dossola was directed to "show cause why he should not be convicted and sentenced on the original charge," the trial judge "found [Dossola] guilty of violating the conditions of his probation," entered a judgment of conviction, and sentenced him to a term in jail and to pay a fine and costs. The trial judge suspended the jail sentence upon the condition of Dossola's good behavior for a year. The record contains no transcript of that hearing.

Upon Dossola's motion, a judge suspended the judgment within twenty-one days of its entry and scheduled a hearing on Dossola's motion to set aside the judgment. At the hearing on the motion to set aside the judgment, Dossola's attorney conceded that during the period of probation Dossola had been charged with criminal trespass in Maryland. He argued, however, that Dossola had pled not guilty, that an order entered by the Maryland court granted Dossola "probation before judgment," and that these circumstances failed to prove Dossola had violated the condition of good behavior imposed by the circuit court's June 10, 1999 order. The prosecutor agreed that the sole question in the proceeding was "whether or not [Dossola's] probation [before] judgment in Maryland violates the [Code § 18.2-251] disposition"

of the June 10, 1999 order.  The trial judge ruled that the Maryland order supported an inference that, when the Maryland judge found Dossola eligible for probation, the judge necessarily found that Dossola's conduct was sufficient to prove he committed the offense.  The trial judge found that Dossola had violated the condition of good behavior and denied the motion to set aside the judgment.

## II.

Dossola contends the trial judge misread the import of the Maryland proceeding and, thus, erred in finding that he violated the condition of good behavior during the period of probation. The Commonwealth argues that the evidence supports the trial judge's conviction order.

The initial order granting Dossola probation in Virginia was entered pursuant to Code § 18.2-251.  In pertinent part, that statute provides as follows:

> Whenever any person who has not previously been convicted of any offense . . . relating to narcotic drugs, marijuana, or stimulant, depressant, or hallucinogenic drugs . . . pleads guilty to . . . possession of marijuana under § 18.2-250.1, the court, upon such plea if the facts found by the court would justify a finding of guilt, without entering a judgment of guilt and with the consent of the accused, may

> defer further proceedings and place him on
> probation upon terms and conditions.
>
>     *    *    *    *    *    *    *
>
>   Upon violation of a term or condition [of
> probation], the court may enter an
> adjudication of guilt and proceed as
> otherwise provided.

Code § 18.2-251.

"Probation is a disposition intended to 'reform' the offender, appropriate in 'mitigating circumstances' or to promote the 'public interest.'" Connelly v. Commonwealth, 14 Va. App. 888, 890, 420 S.E.2d 244, 245 (1992) (citation omitted). The purpose of probation is to "restor[e] to a useful place in society an offender who is a good social risk." Slayton v. Commonwealth, 185 Va. 357, 366, 38 S.E.2d 479, 483 (1946). In view of these principles, we have held that the probation condition of "[g]ood behavior is not limited to an avoidance of criminal activity." Holden v. Commonwealth, 26 Va. App. 403, 409, 494 S.E.2d 892, 895 (1998). Thus, a conviction of a criminal offense is a sufficient but not a necessary circumstance to prove a violation of probation. See Slayton, 185 Va. at 366, 38 S.E.2d at 483.

At the hearing on the motion to set aside the judgment, the evidence established that a criminal complaint in Maryland alleged that Dossola committed a trespass offense on a date that occurred during the one-year probation period of the circuit court's June 10, 1999 order. Although Dossola pled not guilty to that charge, the order of the Maryland court recites that a judge heard the case and entered a verdict of "probation before judgment."

At the request of Dossola's attorney, the trial judge considered the effect of Art. 27, § 641(a), of the Maryland Code. In pertinent part, the statute that was in effect when the Maryland judge entered his order provided as follows:

> (1)(i) 1. Whenever a person accused of a crime <u>pleads guilty</u> or <u>nolo contendere</u> or <u>is found guilty of an offense</u>, a court exercising criminal jurisdiction, if satisfied that the best interests of the person and the welfare of the people of the State would be served thereby, and with the written consent of the person <u>after determination of guilt</u> or acceptance of a <u>nolo contendere</u> plea, may stay the entering of judgment, defer further proceedings, and place the person on probation subject to reasonable terms and conditions as appropriate.
>
>     *    *    *    *    *    *    *
>
> (5) By consenting to and receiving a stay of entering of the judgment as provided by this subsection, the person waives the right to appeal from the judgment of guilt by the court at any time. Prior to the person consenting to the stay of entering of the judgment, the court shall notify the person that by consenting to and receiving a stay of entry of judgment, the person waives the right to appeal from the judgment of guilt by the court at any time.

Md. Code Art. 27, § 641(a) (emphasis added) (amended 2001).

Pursuant to the statute, when a person pleads not guilty, as Dossola did, a Maryland judge may impose the remedy of probation before judgment only if the judge finds that person "is . . . guilty of an offense" and the judge makes a "determination of guilt." Md. Code Art. 27, § 641(a)(1)(i)1. Upon her review of the statute, the trial judge determined that the Maryland judge was required to find that Dossola had committed acts sufficient

to justify a conviction of criminal trespass before the judge could order probation.  In the absence of contrary evidence, the trial judge did not err in concluding that the Maryland judge obeyed the law in his disposition of the case.  See Hinderliter v. Humphries, 224 Va. 439, 448, 297 S.E.2d 684, 689 (1982) (noting "a presumption that public officials will obey the law" in the performance of their official duties).  Thus, we hold that the evidence provided an adequate basis for the trial judge to infer that the Maryland judge found Dossola had committed acts sufficient to constitute criminal trespass.

Dossola additionally contends that because he fulfilled the conditions imposed upon him by the Maryland judge, the Maryland statute prevents consideration of any results of proceeding under the statute.  We do not read the statute so broadly.  Although the statute expressly provides that "[d]ischarge of a person under this section shall be without judgment of conviction and is not a conviction for purposes of any disqualification or disability imposed by law because of conviction of crime," Md. Code Art. 27, § 641(a)(5)(c), that limitation does not void, ab initio, every incidence of the proceeding.

The trial judge did not consider the Maryland order to be a criminal conviction or evidence of a conviction.  Instead, she found that the statutory remedy of probation before judgment was only available by operation of Maryland law upon a finding by a Maryland judge that the defendant engaged in conduct that would be sufficient to support a conviction.  This finding, she concluded, was sufficient to support a finding of a lack of "good behavior."

Under Virginia law, a probation revocation for a failure of good behavior may be supported by "substantial misconduct not involving violation of law."  Holden, 27 Va. App. at 44, 494 S.E.2d at 495.  See also Marshall v. Commonwealth, 202 Va. 217, 221-22, 116 S.E.2d 270, 274 (1960) (noting that a defendant's conduct, as proved in the trial in which a jury acquitted the defendant, may be used to support a revocation for failure to be of good behavior).  The trial judge's finding of a probation violation is "reversible only upon a clear showing of an abuse of discretion."  Slayton, 185 Va. at 367, 38 S.E.2d at 484.  We hold the evidence was sufficient to support the trial judge's finding that during the period of probation Dossola engaged in conduct which violated the condition of good behavior.  Therefore, the trial judge did not abuse her discretion in

entering the judgment.  For these reasons, we affirm the
judgment.

<u>Affirmed</u>.