COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Clements and Senior Judge Coleman
Argued at Richmond, Virginia


DEBBIE DENISE FLOYD

                                      MEMORANDUM OPINION[*] BY
v.    Record No. 0568-01-2      JUDGE JEAN HARRISON CLEMENTS
                                          JULY 30, 2002
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      Cleo E. Powell, Judge

             Randy B. Rowlett (Gordon, Dodson & Gordon, on
             brief), for appellant.

             H. Elizabeth Shaffer, Assistant Attorney
             General (Randolph A. Beales, Attorney
             General, on brief), for appellee.


     Debbie Denise Floyd was convicted in a bench trial of

operating a motor vehicle under the influence of alcohol, in

violation of Code § 18.2-266, her third such offense within ten

years.  On appeal, she contends the evidence was insufficient,

as a matter of law, to sustain the conviction because it failed

to prove she was "operating" a motor vehicle.  We disagree and

affirm the conviction.

     As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

value, this opinion recites only those facts and incidents of the

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

proceedings as necessary to the parties' understanding of the disposition of this appeal.

I.  BACKGROUND

The facts before us are not in dispute.  On the morning of April 30, 2000, Trooper Shawn T. Rivard of the Virginia State Police was dispatched to a disabled vehicle on Chippenham Parkway in Chesterfield County.  When he arrived at the scene, Trooper Rivard observed a car broken down in the far right travel lane of the road with its hood up.  Floyd was standing in front of the car looking under the hood.  The car was not running.  There was no evidence regarding how the car had arrived at that location or how long it had been there.

When asked by Rivard if the vehicle would start, Floyd said it would not.  Rivard then "asked her to try to start it so [they] could move it" off the roadway.  Floyd got in the driver's seat and "attempted to start" the car, but, when she "operat[ed] the ignition," the car's engine only clicked, without starting.  Rivard then used his police vehicle to push Floyd's car onto the road's shoulder.

Once Floyd's car was off the road, Rivard called Floyd back to his vehicle to arrange for the dispatch of a wrecker.  As they sat in his vehicle, Rivard smelled a strong odor of alcohol emanating from Floyd.  In response to Rivard's inquiry, Floyd told the officer she had had three beers that morning.

-

After administering field sobriety tests to Floyd, Rivard placed her under arrest for driving under the influence.  A subsequent breath analysis test showed Floyd had a blood alcohol concentration of 0.18 grams per 210 liters of breath.

Finding that, in turning the key in the ignition in an attempt to start her disabled car, Floyd was operating a motor vehicle, the trial court convicted Floyd of driving under the influence of alcohol in violation of Code § 18.2-266.  Because it was Floyd's third such offense within ten years, the offense was a felony under Code § 18.2-270.  The trial court sentenced her to five years in prison, suspending all but ten days of the sentence.  This appeal followed.

## II.  ANALYSIS

When the sufficiency of the evidence is challenged on appeal, we determine whether the evidence, viewed in the light most favorable to the Commonwealth, the party prevailing below, and the reasonable inferences fairly deducible from that evidence support each and every element of the charged offense. See Moore v. Commonwealth, 254 Va. 184, 186, 491 S.E.2d 739, 740 (1997); Derr v. Commonwealth, 242 Va. 413, 424, 410 S.E.2d 662, 668 (1991).  In doing so, we must "regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom."  Watkins v. Commonwealth, 26 Va. App. 335, 349, 494 S.E.2d 859, 866 (1998). We are further mindful that the "credibility of a witness, the

-

weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination." Crawley v. Commonwealth, 29 Va. App. 372, 375, 512 S.E.2d 169, 170 (1999). We will not reverse the judgment of the trial court unless it is plainly wrong or without evidence to support it. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Code § 18.2-266 provides, in pertinent part, that "[i]t shall be unlawful for any person to . . . operate any motor vehicle . . . while such person has a blood alcohol concentration of . . . 0.08 grams or more per 210 liters of breath." Code § 46.2-100 defines "operator," in pertinent part, as one who "drives or is in actual physical control of a motor vehicle upon a highway."

On appeal, Floyd challenges the sufficiency of the evidence to prove she was "operating" a motor vehicle within the proscription of the drunk driving statute. The Commonwealth's evidence, she argues, failed to show she was engaging the car's machinery or otherwise operating her inoperable car. The fact that Trooper Rivard heard clicking sounds coming from the car's engine was insufficient, by itself, she claims, to establish her conduct was within the purview of the statute. Furthermore, she argues, even if the evidence were sufficient to establish she was engaging the car's machinery, "because she was placed behind the wheel of the automobile on directive of [Trooper Rivard]," any

-

operation of the car occurred while the car was under Rivard's control, not hers.  Accordingly, she reasons, the trial court erred in finding that she was operating the car.  We disagree.

Within the meaning of Code § 18.2-266, "operating" a vehicle

> not only includes the process of moving the vehicle from one place to another, but also includes starting the engine, <u>or manipulating the mechanical or electrical equipment of the vehicle without actually putting the car in motion</u>.  It means engaging the machinery of the vehicle which alone, or in sequence, will activate the motive power of the vehicle.

<u>Williams v. City of Petersburg</u>, 216 Va. 297, 300, 217 S.E.2d 893, 896 (1975) (emphasis added).  Furthermore, "a vehicle need not be functional in the sense of being able to move from place to place in order to be 'operated.'"  <u>Keesee v. Commonwealth</u>, 32 Va. App. 263, 268, 527 S.E.2d 473, 476 (2000).

Here, viewed in the light most favorable to the Commonwealth, the evidence and the reasonable inferences fairly deducible therefrom establish that, following Trooper Rivard's arrival at the scene, Floyd got into her car, which had broken down in a travel lane of the road, and, while sitting in the driver's seat, turned the key in the car's ignition in an attempt to start the car.  In response, the car's engine made a clicking sound but did not start.

In operating the ignition switch of her car, Floyd plainly manipulated the mechanical or electrical equipment of her car and engaged the machinery of the car which alone, or in sequence,

-

would activate the car's motive power.  The fact that the car did not actually start is not dispositive.  See, e.g., id. (holding that, even though the vehicle's motor was not running, evidence that the accused was alone in the vehicle, the key was in the ignition, the vehicle was in gear, and one of the vehicle's taillights was illuminated was sufficient to find that the accused was "operating" the vehicle within the proscription of Code § 18.2-266).  Hence, we conclude that Floyd's conduct constituted "operating" a motor vehicle under Code § 18.2-266.

As for Floyd's argument that she was not in actual physical control of her car because she was directed to start the car by Trooper Rivard, we find that such a contention is without merit because its premise is erroneous.  Rivard did not direct, instruct, order, or otherwise require Floyd to start her car. According to Rivard's uncontradicted testimony, he merely "asked her to try to start it so [they] could move it" off the roadway, unaware at the time that Floyd was intoxicated.  Knowing she was intoxicated, Floyd, who was under no compulsion to accede to Rivard's request, could and should have declined the trooper's request.

We hold, therefore, that the evidence presented was sufficient, as a matter of law, to prove beyond a reasonable doubt that Floyd was "operating" a motor vehicle within the meaning of Code § 18.2-266.  Accordingly, we affirm Floyd's conviction.

<u>Affirmed.</u>

-