COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Agee and Kelsey
Argued at Salem, Virginia


ROY DURAN GRAVELY

v.    Record No. 0430-02-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE D. ARTHUR KELSEY
JANUARY 21, 2003

FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
Charles M. Stone, Judge

Perry H. Harrold for appellant.

Margaret W. Reed, Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on
brief), for appellee.


On appeal, Roy Duran Gravely challenges the trial court's

finding of a violation of probation and a revocation of his

suspended sentence on a conviction for driving under the influence

in violation of Code § 18.2-266.  Finding no error in the trial

court's judgment, we affirm.

I.

On May 15, 2000, the trial court found Gravely guilty of

driving under the influence of alcohol, his second offense

within a five to ten-year period, in violation of Code

§ 18.2-266.  Gravely received a ninety-day jail sentence, all

---

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

suspended on the condition that he "complete VASAP," maintain "good behavior" for twelve months, and pay court costs and fines. The trial court also suspended Gravely's driver's license for three years, but gave him the opportunity to obtain a restricted operator's license after successful completion of the Virginia Alcohol and Safety Action Program (VASAP).

Gravely entered the VASAP program and received a restricted license to drive only "a motor vehicle that [was] equipped with a functioning, certified ignition interlock system." The "Conditions of Probation" required Gravely to remain "**totally** free from alcohol and/or other drugs during all appointments, intervention sessions, or while operating a motor vehicle." (bold and underscore in original). Gravely signed the "Conditions of Probation" form acknowledging that he understood "that violation of any of the above stated conditions of probation will result in the return of my case to court."

Under the trial court's "Ignition Interlock Order," the interlock system would "measure and record the blood alcohol content at each attempted ignition and random rolling retest during operation of the vehicle." The order also required Gravely to provide, on a quarterly basis, a printout indicating his "blood alcohol content during such ignitions, attempted ignitions, and rolling retests, and showing attempts to circumvent or tamper with the equipment." Gravely signed the

-

"Ignition Interlock Order" next to a preprinted sentence reading: "I have read this Order in its entirety and I understand it completely."

In a letter dated December 12, 2001, VASAP notified the trial court that Gravely had violated the terms of his probation by committing three ignition interlock violations. Each time, Gravely attempted to start the vehicle after registering positive blood alcohol content. VASAP reported that the violations were serious enough to find that Gravely "failed to comply" with the requirements for further "participation" in VASAP, thus prompting the request that he be returned to court for "whatever action deemed appropriate."

At the revocation hearing on February 11, 2002, the trial court found Gravely in violation of the terms of the probation and suspended sentence. The court removed Gravely from the VASAP program and imposed the previously suspended sentence in full. Gravely presented no evidence at the hearing. Gravely filed a motion to reconsider, which the court denied.

## II.

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). In revocation appeals, the trial court's

-

"'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" Keselica v. Commonwealth, 34 Va. App. 31, 35, 537 S.E.2d 611, 613 (2000) (quoting Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991)). The revocation authority of a trial court, while broad, "is not without limitation." Duff v. Commonwealth, 16 Va. App. 293, 297, 429 S.E.2d 465, 467 (1993). "The cause deemed by the court to be sufficient for revoking a suspension must be a reasonable cause." Hamilton v. Commonwealth, 217 Va. 325, 327, 228 S.E.2d 555, 556 (1976) (internal citations and quotations omitted). Reasonable cause for revoking a sentence includes the defendant's failure "to comply with the conditions of the suspension," Griffin v. Cunningham, 205 Va. 349, 354, 136 S.E.2d 840, 844 (1964), or the requirements of probation. Hartless v. Commonwealth, 29 Va. App. 172, 175, 510 S.E.3d 738, 739 (1999).[1]

Gravely claims the trial court abused its discretion because he did not violate the probation condition that he remain "totally free from alcohol . . . while operating a motor

---

[1] Failing to maintain "good behavior" during the suspension period also provides reasonable grounds for revoking a sentence. Dossola v. Commonwealth, 37 Va. App. 444, 450, 559 S.E.2d 385, 388 (2002). The concept of good behavior is not "limited to an avoidance of criminal behavior." Holden v. Commonwealth, 27 Va. App. 38, 42, 497 S.E.2d 492, 494 (1998). Given our ruling in this case, however, we need not address the Commonwealth's alternative argument that Gravely's conduct violated the "good behavior" condition.

-

vehicle" and, thus, did not fail to "complete VASAP" as his suspended sentence required.  Gravely admits the ignition interlock system operated properly on each of the three occasions it detected alcohol on his breath.  He denies, however, that his violation of the zero-tolerance alcohol condition occurred "while operating a motor vehicle."  The trial court disagreed, holding that the act of engaging the ignition interlock system was the initial step in the process of "operating" the vehicle.  That violation of VASAP probation, the court held, put Gravely in material breach of the condition that he "complete VASAP."

Under settled principles, "'when construing a lower court's order, a reviewing court should give deference to the interpretation adopted by the lower court.'"  Albert v. Albert, 38 Va. App. 284, 298, 563 S.E.2d 389, 396 (2002) (quoting Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 129, 510 S.E.2d 255, 260 (1999) (en banc)); see also Fredericksburg Constr. Co. v. J.W. Wyne Excavating, Inc., 260 Va. 137, 144, 530 S.E.2d 148, 152 (2000).  That discretion, however, "must be exercised reasonably and not arbitrarily or capriciously."  Smoot v. Commonwealth, 37 Va. App. 495, 500, 559 S.E.2d 409, 412 (2002) (citation omitted).  These principles apply when a trial court interprets a prior conviction order for purposes of revoking a suspended sentence.

-

<u>Leitao v. Commonwealth</u>, 39 Va. App. 435, 438, 573 S.E.2d 317, ___ (2002).

In determining whether to defer to the trial court's interpretation of the term "operating" a vehicle, we consider the term's analogous meaning in the statutes governing driving under the influence. In that context, the verb operate "is not limited to moving the vehicle from one place to another." <u>Keesee v. Commonwealth</u>, 32 Va. App. 263, 267, 527 S.E.2d 473, 475 (2000). To be operated, "a vehicle need not be functional in the sense of being able to move from place to place." <u>Id.</u> at 268, 527 S.E.2d at 476 (citation omitted). A vehicle's engine need not even be running for the driver to be operating it. <u>See</u> <u>Propst v. Commonwealth</u>, 24 Va. App. 791, 794-95, 485 S.E.2d 657, 659 (1997) (finding that sitting behind the wheel with keys in the ignition, car lights on, but engine off constituted "operating"); <u>see</u> <u>also</u> <u>Leake v. Commonwealth</u>, 27 Va. App. 101, 497 S.E.2d 522 (1998).

Merely entering a vehicle and manipulating the machinery "for the purpose of putting it in motion" constitutes operating the vehicle "whether it moved or not." <u>Gallagher v. Commonwealth</u>, 205 Va. 666, 670, 139 S.E.2d 37, 39-40 (1964) (citing <u>Commonwealth v. Uski</u>, 160 N.E. 305, 306 (Mass. 1928)). Stated simply, operating "means engaging the machinery of the vehicle which alone, or in sequence, will activate the motive power of the vehicle."

-

<u>Williams v. Petersburg & Commonwealth</u>, 216 Va. 297, 300, 217
S.E.2d 893, 896 (1975).

Following these principles, the trial court did not abuse its
discretion by interpreting "operating" a vehicle to include
engaging the ignition interlock system.  Though the ignition
interlock system prevented Gravely from putting the vehicle in
motion (the very thing it was supposed to do), he still operated
it.[2]  The system serves as an integral part of the vehicle's
ignition and, like turning a key, must be engaged as one of the
tasks in the sequence necessary to "activate the motive power of
the vehicle."  <u>Id.</u>  By engaging the ignition interlock system
three times with measurable alcohol on his breath, Gravely
violated the probation condition that he "be **<u>totally</u>** free from
alcohol . . . while operating a motor vehicle."  (bold and
underscore in original).  That violation also put Gravely in
material breach of his suspended sentence condition that he
"complete VASAP."

_____

[2] Code § 18.2-270.1 defines an "ignition interlock system"
as

> a device that (i) connects a motor vehicle
> ignition system to an analyzer that measures
> a driver's blood alcohol content; (ii)
> prevents a motor vehicle ignition from
> starting if a driver's blood alcohol content
> exceeds 0.025 percent; and (iii) is equipped
> with the ability to perform a rolling retest
> and to electronically log the blood alcohol
> content during ignition, attempted ignition
> and rolling retest.

III.

The trial court properly found Gravely in violation of the terms of his probation and the conditions of his suspended sentence.  We therefore affirm its decision to revoke the suspended sentence.

<u>Affirmed.</u>