COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Malveaux, Athey and Senior Judge Humphreys

REGINALD JAMES HALL

                                                      MEMORANDUM OPINION[*]

v.      Record No. 1244-24-3                              PER CURIAM
                                                     SEPTEMBER 9, 2025

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
James J. Reynolds, Jr., Judge

(Eric Weathers, Assistant Public Defender; Virginia Indigent
Defense Commission, on briefs), for appellant.

(Jason S. Miyares, Attorney General; J. Brady Hess, Assistant
Attorney General, on brief), for appellee.

On July 12, 2024, the Circuit Court of the City of Danville ("trial court") found Reginald

James Hall ("Hall") in violation of the terms and conditions of his probation, revoked his suspended

sentences, and imposed an active term of incarceration of 22 years and 24 months. Hall contends

that the trial court erred by "revoking [his] suspended sentences for conduct that did not constitute

reasonable cause." He also asserts that the trial court abused its discretion by imposing the entirety

of his suspended time. For the following reasons, we affirm the trial court's judgment.[1]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Having examined the briefs and record in this case, the panel unanimously agrees that oral
argument is unnecessary because "the appeal is wholly without merit." *See* Code § 17.1-403(ii)(a);
Rule 5A:27(a).

## I. BACKGROUND[2]

In July of 2023, Hall pleaded guilty to multiple felony charges, including statutory burglary, abduction, malicious wounding, and two counts of strangulation. The trial court sentenced him to 31 years and 24 months of confinement with 22 years and 24 months suspended. The trial court also ordered Hall to be of good behavior, commencing "immediately and continuing for twenty (20) years." The sentencing order further stated that Hall was to "have no contact of any kind, directly or indirectly, by text, telephone, chat, or social media" with J.M.,[3] the victim of his crimes. Hall's plea agreement also explicitly stated that the trial court would enter a protective order forbidding Hall from having any contact with J.M. "for the remainder of his life." The trial court entered that protective order on July 13, 2023.

In September of 2023, J.M. informed the Commonwealth that Hall had called her while he was incarcerated, twice on September 9, 2023, and once on September 14, 2023.[4] In one of the recorded calls, Hall specifically admits knowing that he was forbidden from contacting J.M., acknowledging that he "knew what the judge said." During their phone calls, J.M. also reminded Hall numerous times that he was not allowed to contact her. But even after the third phone call on September 14, 2023, Hall told J.M. that he would "call her back next week."

After learning of the prohibited contact, the Commonwealth reviewed the July 13, 2023 protective order and discovered that it did not "have the appropriate boxes checked to indicate that [Hall] was prohibited from having contact with [J.M.]." On September 18, 2023, the trial court

---

[2] On appeal, we "view the evidence received at [a] revocation hearing in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that may properly be drawn from it." *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018).

[3] We use initials to protect the privacy of the victim.

[4] J.M. answered the phone calls because her son was incarcerated in the same prison as Hall and she thought it might have been her son calling her.

entered a corrected protective order, nunc pro tunc, which Hall was served with on September 26, 2023.

In July of 2024, the trial court held a revocation hearing regarding the Commonwealth's accusation that Hall violated the good behavior provision of his suspended sentences. The trial court took judicial notice of Hall's prior convictions and his previous plea agreement. J.M. testified at the revocation hearing that Hall had called her in September of 2023, and she further identified her voice and Hall's voice from the recorded jail calls.

Hall moved to strike, contending that because the original protective order did not list the no contact provision, it was reasonable for him to follow the protective order that he had "in his hands." Despite his previous statements to J.M. made during the calls, Hall claimed that he did not believe that he had violated the trial court's orders by calling J.M. because the "no contact" box had not been checked on the protective order. The trial court rejected Hall's assertion, stating that Hall "obviously didn't listen" during his July 2023 sentencing hearing and that the court was "not going to excuse him for that." The trial court also found that Hall was "not charged with violating a protective order" and instead was charged with a "violation of good behavior." After concluding that "enough is enough," the trial court revoked the entirety of Hall's previously suspended sentences, thereby imposing the 22 years and 24 months that had previously been suspended. Hall appealed.

II. ANALYSIS

A. *Standard of Review*

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)). This Court will find an abuse of discretion only when "reasonable jurists could not differ." *Hicks v.*

*Commonwealth*, 71 Va. App. 255, 275 (2019) (quoting *Campos v. Commonwealth*, 67 Va. App. 690, 702 (2017)).

> B. *The trial court did not err in finding that Hall violated the terms of his suspended sentences.*

Hall contends that because the original protective order did not include the no contact provision, his conduct did not violate the terms of his suspended sentences, and the trial court therefore erred by revoking his suspended time. He reasons that the trial court lacked a "reasonable cause" to revoke his previously suspended sentences. We disagree.

"When a defendant fails to comply with the terms and conditions of a suspended sentence, the trial court has the power to revoke the suspension of the sentence in whole or in part." *Downey v. Commonwealth*, 59 Va. App. 13, 20 (2011) (quoting *Word v. Commonwealth*, 41 Va. App. 496, 504 (2003)). "A trial court has broad discretion to revoke a suspended sentence . . . based on Code § 19.2-306, which allows a court to do so for *any cause* deemed by it sufficient." *Id.* (quoting *Word*, 41 Va. App. at 504). "However, the trial judge may only revoke the suspension of a sentence for reasonable cause." *Preston v. Commonwealth*, 14 Va. App. 731, 733 (1992).

"Whether to revoke a suspended sentence 'lies in the discretion of the trial court' and will not be reversed absent an abuse of that discretion." *Thomas v. Commonwealth*, 77 Va. App. 613, 619 (2023) (quoting *Carroll v. Commonwealth*, 280 Va. 641, 654 (2010)). "The abuse of discretion standard draws a line—or rather, demarcates a region—between the unsupportable and the merely mistaken, between the legal error . . . that a reviewing court may always correct, and the simple disagreement that, on this standard, it may not." *Jefferson v. Commonwealth*, 298 Va. 1, 10-11 (2019) (alteration in original) (quoting *Reyes v. Commonwealth*, 297 Va. 133, 139 (2019)). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the [reviewing] court does not reverse

merely because it would have come to a different result in the first instance." *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021) (alterations in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)).

"[W]hether a defendant's conduct amounts to a good behavior violation is not determined by reference to an enumerated list of required or prohibited conduct, but rather by the sentencing court's determination that the defendant has engaged in some generic and not otherwise specified 'substantial misconduct.'" *Diaz-Urrutia v. Commonwealth*, 77 Va. App. 182, 193 (2023) (quoting *Marshall v. Commonwealth*, 202 Va. 217, 220 (1960)). "Under Virginia law, a probation revocation for a failure of good behavior may be supported by 'substantial misconduct not involving violation of law.'" *Dossola v. Commonwealth*, 37 Va. App. 444, 450 (2002) (quoting *Holden v. Commonwealth*, 27 Va. App. 38, 44 (1998)).

Here, although the original protective order mistakenly did not have the "no contact" box checked on the form, the trial court's July 2023 sentencing order clearly informed Hall that he was to have no contact whatsoever with J.M. Further, Hall admitted to J.M. that he knew he was not supposed to call her and was aware of the judge's instructions. The plea agreement also plainly stated that Hall was to have no contact with J.M. for the rest of his life. By repeatedly contacting J.M., Hall violated the good behavior provision of his suspended sentence. Hall further demonstrated a predilection to disregard the direct order of the court and continue to contact his victim. The trial court evaluated the entire record before it and did not excuse Hall's failure to take notice of the clear provisions of his July 2023 sentencing order. Despite understanding the nuanced provisions of his protective orders, Hall entirely disregarded the clear orders he was given at sentencing.

Hence, we hold that the evidence was sufficient to support the trial court's finding that during the period of supervision Hall engaged in conduct that violated the condition of good

behavior. Thus, we find no abuse of discretion with the trial court's decision to revoke his suspended sentences.

C. *The trial court did not err in revoking the entirety of Hall's suspended sentences.*

Hall also contends that the trial court abused its discretion by revoking his suspended sentences in their entirety because he was under the mistaken belief that because the original protective order lacked the no contact provision, he was not forbidden from contacting J.M. As a result, he asserts that the trial court "abused its discretion in determining [his] revocation sentence."[5] Again, we disagree.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). It is within the trial court's purview to weigh any mitigating factors presented. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). And "[b]arring clear evidence to the contrary, [an appellate court] will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Sheets v. Commonwealth*, 80 Va. App. 706, 718-19 (2024) (quoting *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992)).

Here, having found that Hall violated the July 2023 sentencing order's good behavior condition, the trial court was permitted to revoke his suspended sentences and "impose a

---

[5] Hall also asserts that he reasonably believed that the no contact provision announced in the July 2023 sentencing order only applied while he was in jail and not after he was transferred to the Department of Corrections. But Hall did not make this argument to the trial court and as such, we will not consider it. *See* Rule 5A:18.

sentence in accordance with the provisions of [Code] § 19.2-306.1." Code § 19.2-306(C). The trial court further found that Hall willfully violated the no contact provision and thus committed a good behavior violation. The court also considered Hall's criminal history, which included other assaults and violence towards J.M. Based thereon, the trial court reasonably concluded that "enough is enough" and revoked Hall's remaining suspended time. In addition, the trial court considered all the evidence and listened to the arguments of counsel before reaching its decision. The court weighed Hall's mitigating circumstances, including his claims of mistake, against his repeated violations and found that Hall failed to make productive use of the grace that had been extended to him. The court is not "obligated to find that the evidence highlighted by the appellant actually mitigated his crime." *Cellucci v. Commonwealth*, 77 Va. App. 36, 52 (2023) (en banc). Therefore, the trial court's decision to revoke Hall's suspended sentences and impose an active sentence of 22 years and 24 months was a proper exercise of discretion. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 321-22 (2002) (finding that the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity"); *Hicks*, 71 Va. App. at 275.

### III. CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*