## Richmond

### JOSEPH L. LYONS

### v.

### CITY OF PETERSBURG

June 6, 1980.

Record No. 791400.

Present: All the Justices.

*Louis A. Rosenstock, III,* for appellant.
*Gregory Welsh, Assistant Commonwealth's Attorney (Sidney Barney, Commonwealth's Attorney,* on brief), for appellee.

PER CURIAM.

We affirm the conviction by the lower court, sitting without a jury, of Joseph L. Lyons, for operating a motor vehicle while under the influence of intoxicants in violation of an ordinance of the City of Petersburg.

■ The ordinance involved provides that it shall be unlawful for any person to operate any automobile while under the influence of alcohol. In *Gallagher* v. *Commonwealth,* 205 Va. 666, 668-69, 139 S.E.2d 37, 39 (1964), we held that the meaning of the word "operator" was not limited to the movement of the vehicle. We noted that while the word "operate" was not defined in Code § 18.1-54, now § 18.2-266, (the drunk driving statute), the word "operator" was defined in Code § 46.1-1(17), as "[e]very person who drives or is in actual physical control of a motor vehicle upon a highway." We approved that definition and applied it in determining the identity of one charged with operating a motor vehicle while under the influence of alcohol. *See also Nicolls* v. *Commonwealth,* 212 Va. 257, 184 S.E.2d 9 (1971).

Petersburg Police Officer K. M. Stables investigated an accident that occurred about 1:05 a.m. on May 25, 1979, in front of 1219 Halifax Street involving an automobile owned by the defendant Lyons and another vehicle. Officer Stables testified:

> . . . Mr. Lyons had run into a parked car, a Cadillac four-door sedan, '70 model, that was parked in front of 1219 Halifax Street. Mr. Lyons ran into the back of the parked vehicle and pushed the vehicle approximately 25 to 30 feet up the street. There was approximately $2500.00 damage to the Cadillac and about $1500.00 damage to Mr. Lyons' car. During the investigation of the accident, I observed an odor of alcohol about Mr. Lyons.
>
> After the investigation was completed, I asked Mr. Lyons if he'd had anything to drink that evening. He stated he'd had

several beers earlier in the evening. I asked if he'd mind taking some field sobriety tests which he consented to. Mr. Lyons didn't pass them to my satisfaction. He was placed under arrest for driving under the influence, taken to Headquarters where he was given the chemical test by Officer Chandler. The test came back .21%.

Stables said that when he arrived on the scene Lyons was behind the steering wheel of an automobile registered in defendant's name, and that there was another party in the vehicle. He testified that no statement was made by the defendant to the officer "about being involved in the accident." Police Officer J. J. Chandler testified that a chemical test was administered to Lyons at 2:27 a.m. on the night of the accident, and it disclosed a blood alcohol content of 0.21% by weight.

The evidence adduced is clearly sufficient to show that the defendant was intoxicated. However, Lyons argues that even so the evidence does not prove that he was operating or driving his vehicle while under the influence of intoxicants. We disagree.

While courts and juries must decide cases according to the law and the evidence, they necessarily evaluate the evidence in the light of human experience. Here we have a defendant involved in a two-car collision of such severity that both cars were disabled. The accident occurred after midnight on a public street in a city. An unoccupied Cadillac automobile was struck with such force that it was damaged to the extent of $2500 and projected forward from its parked position a distance estimated at 25-30 feet. The offending vehicle, also badly damaged, was found in the possession of its registered owner. This owner, the defendant, was sitting behind the steering wheel, the place where the owner and operator of a vehicle would normally be found, and he admitted that he had been drinking.

Further, Officer Stables testified that Mr. Lyons "had run into" a parked car. The statement was not contradicted by any witness. While the officer did not state how or why he concluded that Lyons ran into the automobile, it is reasonable to infer from his positive and unequivocal statement that the markings on the street, and the nature and extent of the damage sustained by the two vehicles, disclosed which vehicle struck and pushed the other, and the distance the struck vehicle was pushed.

No eyewitness testified that the defendant was actually seen driving his vehicle, or that the vehicle was seen in motion. However, we have decided several cases involving defendants who were convicted

of operating a vehicle although there were no eyewitnesses to the driving of such vehicle. *See Williams* v. *Petersburg & Commonwealth,* 216 Va. 297, 217 S.E.2d 893 (1975); *Nicolls* v. *Commonwealth, supra; Gallagher* v. *Commonwealth, supra.* Circumstantial evidence is sufficient to convict if it excludes every reasonable hypothesis of innocence. This occurs when the trier of facts has an abiding conviction of the guilt of the accused. In *Cross* v. *Commonwealth,* 192 Va. 249, 255, 64 S.E.2d 727, 731 (1951), we held that "[t]he crime may,. . .like any other criminal charge, be proved by circumstantial evidence. . . . 'Where all the circumstances of *time, place, motive, means, opportunity and conduct* concur in pointing out the accused as the perpetrator of the crime,. . .the evidence is powerfully strengthened by the total absence of any trace or vestige of any other agent'." (Citations omitted.)

It strains one's credulity to believe that the accident involved here happened other than in the manner claimed by the City. There is no other reasonable explanation for the scene which the officer found in front of 1219 Halifax Street on the early morning of May 25, 1979. It can be inferred that Mr. Lyons' car was where it was at the time because he drove it there, and that the accident between his vehicle and the Cadillac occurred at a time when Lyons was in actual physical control of and operating his own vehicle. The defendant remained in control until he was immobilized by the collision, and he remained in possession of his vehicle, and "in actual physical control" thereof, until he was removed from the vehicle to take a field sobriety test. Significant also is the failure of the defendant to challenge on cross-examination the accuracy of Officer Stables' testimony that Mr. Lyons "ran into" the back of the parked vehicle.

The evidence taken as a whole is sufficient to establish beyond a reasonable doubt that the defendant was the operator of his automobile when the accident occurred. Accordingly, the judgment of the lower court is

*Affirmed.*