**UNITED STATES of America, Plaintiff,**

v.

**Evelyn King COLEMAN, Defendant.**

**Crim. A. No. 90–00002–C.**

United States District Court,
W.D. Virginia,
Charlottesville Division.

Nov. 6, 1990.

Joseph Mott, U.S. Atty., Roanoke, Va., for U.S.

W.T. Robey, III, Buena Vista, Va., for defendant.

## MEMORANDUM OPINION

MICHAEL, District Judge.

The matter presently before the Court is the defendant's appeal, pursuant to 18 U.S.C. § 3402 (1990), from her conviction, on January 18, 1990, by United States Magistrate B. Waugh Crigler of operating a motor vehicle while under the influence of an alcoholic beverage in violation of 36 C.F.R. § 4.23(a)(1) (1989). The defendant challenges two aspects of Magistrate Crigler's ruling in her case. First, she argues that there was insufficient evidence before Magistrate Crigler for him to conclude, beyond a reasonable doubt, that she was "operating" a motor vehicle in violation of the relevant federal regulation. Second, she disputes Magistrate Crigler's finding that she was legally intoxicated at the time of her arrest. The parties have both submitted legal memoranda in support of their respective positions, and therefore, the matter is ripe for resolution.

## FACTUAL BACKGROUND

On September 30, 1989, Ranger Allen Morris of the National Park Service observed the defendant's yellow Ford Fairmont parked on the Blue Ridge Parkway at Mile Post 47 partially blocking Forest Service Road Number 105. As he approached the defendant's automobile, Ranger Morris saw the defendant sitting in the driver's seat behind the steering wheel. Charles L. Hemlick was seen in the front passenger's seat. Outside the vehicle, Ranger Morris spotted five empty Old Milwaukee beer cans on the driver's side and several others on the passenger's side. As he continued toward the automobile, Ranger Morris noticed that the key was in the ignition even though the motor was not "running."

When he arrived at the driver's side window of the defendant's car, Ranger Morris asked the defendant what she was doing and why she was parked in the location in question. According to Ranger Morris, the defendant gave confused responses to his questions, and her speech was generally slurred. Additionally, Ranger Morris detected the odor of alcohol emanating from the passenger compartment of the automobile. After confirming that she was indeed the owner of the car, Ranger Morris conducted a battery of field sobriety tests on the defendant.

Although able to perform some of the tests, the defendant was unable to complete satisfactorily a counting exercise; she was unable to touch her nose with her index finger (she touched her cheek instead); she was unable to perform properly a heel-toe walking test; and despite her claims that she understood Ranger Morris' instructions to the contrary, the defendant "opened her eyes" during some of the tests and otherwise failed to comply with other instructions given to her. Ranger Ronald Krueger, who arrived at the defendant's car after Ranger Morris, conducted additional tests on the defendant, and once again, she was unable to complete them satisfactorily. Moreover, both Rangers agreed that, throughout the interview, the defendant had difficulty focusing on the

conversation topic and maintaining rational, comprehensible speech.

At the conclusion of the tests, the defendant was placed under arrest and charged with violation of 36 C.F.R. § 4.23 (1989). She was taken to Lexington, Virginia, where a breathalyzer test was performed. Although conducted approximately three hours following her arrest, the test revealed that the defendant's blood-alcohol concentration was at that time .09 percent by weight.

On January 18, 1990, the defendant appeared before United States Magistrate B. Waugh Crigler for her trial on the impaired-operation charge. He concluded that, beyond a reasonable doubt, the defendant was guilty of violating 36 C.F.R. § 4.23(a)(1) (1989). Magistrate Crigler sentenced her to a period of probation and required her to pay a $250.00 fine and court costs in the amount of $10.00. Thereafter the defendant appealed her conviction to this Court pursuant to 18 U.S.C. § 3402 (1990).

## LEGAL ANALYSIS

### *The defendant's "operation" claim*

In the legal memorandum filed by the defendant, she argues that Magistrate Crigler erred in finding, beyond a reasonable doubt, that she was "operating" a motor vehicle pursuant to 36 C.F.R. § 4.23(a)(1) (1989). She argues that an "operator" must make some affirmative action, not done in her case, to engage or otherwise manipulate the engine of a motor vehicle before guilt will attach under the regulation. She claims that nothing she did on September 30, 1990 suffices to classify her as an "operator" under the regulation, and to support her claim of error on the Magistrate's part in finding the contrary, she cites to the Court a number of cases that she believes establish her contention under Virginia law. The government, on the other hand, argues that there was sufficient evidence to support the Magistrate's ruling and that there was, therefore, no error concerning the defendant's conviction.

Before turning to the substance of the Court's analysis of this assignment of error, one preliminary point must be addressed. To the extent that the defendant argues that this Court is bound in interpreting a federal regulation by the decisions of the Virginia Supreme Court that have interpreted Virginia law, the defendant is wrong. Section 4.2(a) of Title 36 of the Code of Federal Regulations provides:

> Unless specifically addressed by regulations in this chapter, traffic and the use of vehicles within a park area are governed by State Law. State Law that is now or may later be in effect is adopted and made a part of the regulations in this part.

36 C.F.R. § 4.2(a) (1989). Section 4.23 of Title 36 of the Code of Federal Regulations, however, deals specifically with the issue of parties who operate motor vehicles on areas designated to National Park Service control while under the influence of drugs or alcohol. Therefore, consistent with the mandate of 36 C.F.R. § 4.2 (1989), federal law preempts state law on the issue of intoxicated motor-vehicle operators within national park areas, and this Court is not bound to follow Virginia Supreme Court precedent in interpreting this federal regulation. *See United States v. Berry,* 866 F.2d 887, 890 (6th Cir.1989). Since more cases of this nature are heard in state court and since the Virginia criminal "drunk-driving" statute is similar to the federal regulation, the Court does, nonetheless, view the Virginia cases cited by the defendant as well as others revealed by the Court's own research to be compelling persuasive authority, and as the following pages will disclose, the Court has carefully considered them in interpreting similar language in the federal regulation at issue.

Having resolved this preliminary matter, the Court now turns to an in-depth analysis of the defendant's first assignment of error. Section 4.23(a)(1) of Title 36 of the Code of Federal Regulations provides:

> Operating or being in actual physical control of a motor vehicle is prohibited while ... [u]nder the influence of alcohol, or a drug or drugs, or any combina-

tion thereof, to a degree that renders the operator incapable of safe operation[.] 36 C.F.R. § 4.23(a)(1) (1989). Essentially, the defendant argues that she did not "operate" her automobile because she made no affirmative action to engage "the motive power of the vehicle." *Williams v. City of Petersburg*, 216 Va. 297, 300, 217 S.E.2d 893, 896 (1975). While conceding that an automobile does not have to be in motion for guilt to attach under the regulation, *see generally* 52 Fed.Reg. 10,674–75 (1987) (stating in the context of the promulgation of the final form of 36 C.F.R. § 4.23 that "the term 'operator' is now applicable whether the vehicle is in motion or not."), the defendant argues that some conduct must be done beyond what occurred in the present case. In other words, the defendant argues that, at minimum, a party must "turn the key in the ignition" before she can be considered an "operator."

■ To the defendant's argument, the Court will only make the following observations. First, contrary to the defendant's representations, the Court believes that the defendant engaged in conduct sufficient to regard her as an "operator" under the regulation. She was seated in the driver's seat of her car. Her car was on the surface of the roadway, and most importantly, her key was found in the ignition. Clearly, the first sequential step that must be taken to engage the motive power of a vehicle is placing the key into the ignition. Taken along with the other factors, the Court believes that the defendant's conduct was enough to support the Magistrate's conclusion that, beyond a reasonable doubt, the defendant was "operating" her automobile pursuant to the regulation in question.

Second, under common "drunk-driving" statutes that predated the regulation at issue in this case, the standard phrase used was "driver or operator." Interpreting this phrase, courts reasoned that if the word "operator" was more than excess baggage in the statute, then it must mean something more expansive than the word "driver." Since these courts were unwilling to accept that their legislatures needlessly included meaningless words in their "drunk-driving" statutes, they postulated that the word "operator" must apply to situations where the vehicle was not moving and where the vehicle was only poised to pose a danger to other motorists and pedestrians. Applying this reasoning to the present regulation, the Court believes that, by using the phrase "operating or being in actual physical control of a motor vehicle," the regulation draws within its purview conduct more expansive than conduct that would be encompassed within the word "operating." Any other interpretation would render meaningless the expression "or being in actual physical control of a motor vehicle." From this foundation, who could better be described as "in actual physical control of a motor vehicle" than someone who was the owner, who had her key in the ignition, and who was rhetorically and literally "in the driver's seat." Hence, in addition to finding that the defendant was an "operator" under the regulation, the Court also regards the defendant as a person who was "in actual physical control" of a motor vehicle as provided by the regulation.

Third, the regulation in question must be viewed in the "light of human experience." *Lyons v. City of Petersburg*, 221 Va. 10, 12, 266 S.E.2d 880, 881 (1980). Although the motor of her car was not "running," the defendant was seated in the driver's seat with the key in the ignition. She was parked in a lonely stretch of the expansive and undeveloped Blue Ridge Parkway. Based upon these facts, the Court feels that the Magistrate was more than warranted in concluding, beyond a reasonable doubt, that the defendant was "operating" her automobile in violation of 36 C.F.R. § 4.23 (1989).

Finally, although the Court has stated that Virginia Supreme Court precedent is not binding upon its interpretation of a federal regulation, the Court, nonetheless, finds the analysis of many Virginia Supreme Court cases very persuasive. The three cases cited to the Court by the defendant are *Williams v. City of Petersburg*, 216 Va. 297, 217 S.E.2d 893 (1975), *Nicholls v. Commonwealth of Va.*, 212 Va. 257, 184 S.E.2d 9 (1971), and *Gallagher v. Com-*

*monwealth of Va.,* 205 Va. 666, 139 S.E.2d 37 (1964). In *Williams,* the Supreme Court of Virginia held that the defendant was "operating" and "in physical control" of his car in violation of the Commonwealth's "drunk-driving" statute. 216 Va. at 300, 217 S.E.2d at 896. The defendant in that case was unconscious, had his foot on the accelerator, and was "slumped over" the steering wheel of his car that was located in a ditch with its motor running. *See id.* In *Gallagher,* the defendant was found by police officers in the driver's seat of his car which was in gear, revving the accelerator. 205 Va. at 667, 139 S.E.2d at 38. The car, however, could not move because its wheels were not properly in contact with the driving surface. *See id.* As in the *Williams* case, the Supreme Court of Virginia in *Gallagher* found the defendant guilty of "operating" a motor vehicle in violation of the Commonwealth's "drunk-driving" statute. *See id.* Finally, the Virginia Supreme Court in *Nicholls* found that the defendant who was "slumped over" the steering wheel of his car, which was in gear, was guilty of "operating" a motor vehicle while impaired. 212 Va. at 260, 184 S.E.2d at 12.

Based upon these three cases, the defendant in the present action contends that, under Virginia law, she would not be guilty of "operating" a motor vehicle while impaired by alcohol. She suggests that, in all three cases, the motors of the cars in question were "running," and this one element distinguishes them from the facts of the present case. If these were the only three cases decided by the Virginia Supreme Court in this area, the Court might be likely to agree with the defendant's conclusion. However, there are other cases, not cited by the defendant, that undercut her argument and suggest that the Virginia Supreme Court would not interpret the Commonwealth's "impaired-driver" statute as narrowly as would the defendant.

In *Lyons v. City of Petersburg,* 221 Va. at 11, 266 S.E.2d at 881, the Virginia Supreme Court held that the defendant who was seated in the driver's seat of his car with his key in the ignition was guilty of "operating" his car in violation of the Com-

monwealth's "drunk-driving" statute despite the fact that the car's engine was not running. This case is distinguishable from the present case in that the *Lyons* defendant was involved in an accident shortly before the arresting officers arrived and his car was seriously damaged, but the Virginia Supreme Court suggested in that case that the car's motor did not have to be engaged before guilt would attach under the relevant statute. *See id.*

What was suggested by the *Lyons* court was later clarified by the Virginia Supreme Court in *Overbee v. Commonwealth of Va.,* 227 Va. 238, 315 S.E.2d 242 (1984). In that case, the Virginia Supreme Court held that the defendant was not "operating" a motor vehicle in violation of the relevant "drunk-driving" statute when (1) he was standing in front of his truck, (2) the motor of his vehicle was not running, and (3) he did not have his key in the ignition. 227 Va. at 242, 315 S.E.2d at 242. By highlighting these three factors in concluding that the defendant was not guilty, the Virginia Supreme Court more than suggested that, had any of them been otherwise, the result would likely have been different and the defendant would have been adjudged guilty of "operating" his truck in violation of state law.

Accordingly, the Court seriously doubts the defendant's assertion that she could not have been found guilty of violating the Commonwealth of Virginia's "drunk-driving" statute had she been arrested on state roads by state officers. In any event, however, the Court believes that her conduct was more than adequate to lead to her conviction of violating 36 C.F.R. § 4.23(a)(1) (1989), and the Court rules that Magistrate Crigler was correct in so concluding that she was guilty beyond a reasonable doubt.

*The defendant's "intoxication" claim*

■ The defendant's second assignment of error is that the Magistrate, on the basis of the evidence before him, could not have concluded that she was guilty of being intoxicated beyond a reasonable doubt. The evidence before Magistrate Crigler

was the following. First, Ranger Morris testified that the defendant had alcohol on her breath. Second, Ranger Morris testified that there were numerous beer cans surrounding the defendant's parked automobile. Third, Ranger Morris testified that the defendant, although passing some of the field sobriety tests that were administered, failed many of those tests and was generally in an impaired state at the time of her arrest. Finally, the defendant was shown to have a blood-alcohol content of .09 percent by weight approximately three hours after her arrest and even longer after the rangers initially spotted her car on the Blue Ridge Parkway. On the basis of this evidence, the Court concludes that Magistrate Crigler was more than justified in finding, beyond a reasonable doubt, that the defendant was impaired at the time of her arrest.

As an aside, it must be remembered that, under 36 C.F.R. § 4.23, there are two ways of being convicted of operating a motor vehicle while impaired. First, the defendant can be convicted of the offense when the trier-of-fact considers the evidence in its totality (36 C.F.R. § 4.23(a)(1) (1989)), and second, the defendant can be convicted presumptively when her blood-alcohol level is tested to be .10 percent by weight or higher (36 C.F.R. § 4.23(a)(2) (1989)). As paragraph (d)(1) of § 4.23 of Title 36 of the Code of Federal Regulations provides:

> The results of chemical or other qualitative tests are intended to supplement the elements of probable cause used as the basis for the arrest of an operator charged with a violation of paragraph (a)(1) of this section. If the alcohol concentration in the operator's blood or breath at the time of testing is less than alcohol concentrations specified in paragraph (a)(2) of this section, this fact does not give rise to any presumption that the operator is or is not under the influence of alcohol.

36 C.F.R. § 4.23(d)(1) (1989). In other words, when a test reveals that a defendant has a blood-alcohol concentration less than .10 percent by weight, that defendant cannot be convicted pursuant to 36 C.F.R. § 4.23(a)(2) (1989). The defendant can still be convicted pursuant to 36 C.F.R. § 4.23(a)(1) (1989) when the totality of the evidence supports a conviction, and to this end, the result of the blood-alcohol test is only one piece of evidence that must be considered.

In the present case, Magistrate Crigler was justified in concluding, beyond a reasonable doubt, that the defendant was guilty of violating 36 C.F.R. § 4.23(a)(1) (1989). He considered the defendant's tested blood-alcohol level along with the rest of the evidence against her and properly adjudicated her guilty of the offense of operating a motor vehicle while impaired.

## CONCLUSION

For the above-stated reasons, the decision of United States Magistrate B. Waugh Crigler that the defendant in this action was guilty, beyond a reasonable doubt, of violating 36 C.F.R. § 423(a)(1) (1989) is affirmed.

An appropriate Order shall this day issue.

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is this day

## ADJUDGED AND ORDERED

as follows:

1. The defendant's conviction, on January 18, 1990, by United States Magistrate B. Waugh Crigler of operating a motor vehicle while under the influence of an alcoholic beverage in violation of 36 C.F.R. § 4.23(a)(1) (1989) shall be, and it hereby is, affirmed.

2. The defendant is hereby directed to pay the fine and court costs and to complete the probation imposed by Magistrate Crigler within the designated time period and otherwise pursuant to the Magistrate's original directions.