COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Petty and Senior Judge Willis
Argued at Richmond, Virginia


MILDRED RENEE OLIVER

MEMORANDUM OPINION* BY
v.        Record No. 0748-05-3                    JUDGE ROBERT P. FRANK
JULY 5, 2006

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
Joseph W. Milam, Jr., Judge

Joseph H. M. Schenk, Jr., Public Defender (Office of the Public
Defender, on brief), for appellant.

Denise C. Anderson, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Mildred R. Oliver, appellant, was convicted, in a bench trial, of second-degree murder, in

violation of Code § 18.2-32.  On appeal, she contends the trial court erred in finding the evidence

sufficient to convict her of the offense.  For the reasons stated, we affirm the judgment of the trial

court.

ANALYSIS

"When a defendant challenges on appeal the sufficiency of the evidence to sustain his

convictions, it is the appellate court's duty to examine the evidence that tends to support the

convictions and to permit the convictions to stand unless they are plainly wrong or without

evidentiary support.  Code § 8.01-680."  Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d

263, 265 (1998).  "If there is evidence to support the convictions, the reviewing court is not

permitted to substitute its own judgment, even if its opinion might differ from the conclusions

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

reached by the finder of fact at the trial." Id. Conflicts in the evidence are resolved by the fact finder, and such conflicts are not revisited on appeal unless "'the evidence is such that reasonable [persons], after weighing the evidence and drawing all just inferences therefrom, could reach but one conclusion.'" City of Bedford v. Zimmerman, 262 Va. 81, 86, 547 S.E.2d 211, 214 (2001) (quoting J & E Express, Inc. v. Hancock Peanut Co., 220 Va. 57, 62, 255 S.E.2d 481, 485 (1979)).

Second-degree murder is defined as a "malicious killing" of another person. Turner v. Commonwealth, 23 Va. App. 270, 274, 476 S.E.2d 504, 506 (1996). Express malice is evidenced when "one person kills another with a sedate, deliberate mind, and formed design." Pugh v. Commonwealth, 223 Va. 663, 668, 292 S.E.2d 339, 341 (1982) (quoting M'Whirt's Case, 44 Va. (3 Gratt.) 594, 604 (1846)).

In challenging the sufficiency of the evidence, appellant contends there is no evidence that she acted maliciously or that she caused the victim's death. The facts belie these assertions.[1]

Fletcher Williamson testified that appellant arrived at his residence around 3:00 a.m. on August 1, 2004. Williamson noticed blood on appellant's T-shirt and on "her right wrist, right arm." Appellant told him the police were looking for her. Williamson testified,

> [S]he told me she cut her boyfriend. I . . . I said for what? What did you . . . she said because he called him . . . she told me he called her . . . said he called her a bitch. And I didn't say anything. Then she said she cut . . . she cut him and left him . . . him in the floor, bleeding.

Appellant told Williamson not to tell the police about this incident. Appellant asked him if he had a shirt, which he gave her. Initially, appellant told police she did not recall what she did with the bloody shirt, yet later, she said Williamson had it.

---

[1] Appellant further contends there was no evidence of a specific intent to murder the victim. This argument is without merit. Second-degree murder does not require a specific intent to kill. Rhodes v. Commonwealth, 238 Va. 480, 486, 384 S.E.2d 95, 98 (1989).

Appellant gave police a number of conflicting narrations of what transpired between her and the victim. She initially denied being at the apartment when the victim was killed and further denied any confrontation with him. Finally, she made a formal statement to the police admitting that "she must have had a knife in her hand . . . if he was cut, no one was there but her and him . . . ." She continued, "I must've cut him because I had blood on me." Appellant signed a written statement that included, "I must have been the one that cut or stabbed [the victim], but I just do not remember how or why I did it."

Here, appellant admitted stabbing the victim in anger because he called her a bitch. When she left, she knew he was bleeding. Her clothing was covered in blood. She gave inconsistent statements to the police.

"A defendant's false statements are probative to show he is trying to conceal his guilt, and thus is evidence of his guilt." Rollston v. Commonwealth, 11 Va. App. 535, 548, 399 S.E.2d 823, 831 (1991) (citing Carter v. Commonwealth, 223 Va. 528, 432, 290 S.E.2d 865, 867 (1982)). She wielded a deadly weapon to kill the victim. Malice may be inferred from the deliberate use of a deadly weapon. See Morris v. Commonwealth, 17 Va. App. 575, 578, 439 S.E.2d 867, 870 (1994).

Appellant also argues her "confession" to police is based on her own speculation, that since no one else was present, she must be the perpetrator. Yet, her statement to Williamson was neither speculative nor based on certain assumptions. She told Williamson she cut the victim because he called her a bitch. She left him on the floor bleeding. The trial court clearly believed appellant's unequivocal statement to Williamson. "[T]he trial court, acting as a fact finder, must evaluate the credibility of the witnesses, resolve the conflicts in their testimony and weigh the evidence as a whole." Albert v. Commonwealth, 2 Va. App. 734, 738, 347 S.E.2d 534, 536 (1986).

Appellant next argues a reasonable hypothesis is that the victim stabbed himself, relying on the medical examiner's testimony that it was "mechanically possible" for the victim to have stabbed

himself. However, the thrust of the medical examiner's testimony was that it would be "very unusual" for the fatal wound to be self-inflicted. In his twenty-five (25) years as a medical examiner, the witness opined he never saw such a self-inflicted wound.

> Whether the hypothesis of innocence is reasonable is itself a "question of fact," subject to deferential appellate review. "Merely because defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded. What weight should be given evidence is a matter for the [factfinder] to decide." Miles v. Commonwealth, 205 Va. 462, 467, 138 S.E.2d 22, 27 (1964); see also Lyons v. City of Petersburg, 221 Va. 10, 13, 266 S.E.2d 880, 881 (1980) ("Circumstantial evidence is sufficient to convict if it excludes every reasonable hypothesis of innocence. This occurs when the *trier of facts* has an abiding conviction of the guilt of the accused." (emphasis added)). By finding the defendant guilty, therefore, the factfinder "has found by a process of elimination that the evidence does not contain a reasonable theory of innocence." United States v. Kemble, 197 F.2d 316, 320 (3d Cir. 1952).

Haskins v. Commonwealth, 44 Va. App. 1, 9, 602 S.E.2d 402, 406 (2004) (other citations omitted).

Thus, the evidence, beyond a reasonable doubt, proves that appellant maliciously stabbed the victim and left him to bleed to death.

The judgment of the trial court is affirmed.

Affirmed.