COURT OF APPEALS OF VIRGINIA

Present:  Judges Kelsey, Petty and Senior Judge Willis
Argued at Chesapeake, Virginia


CHRISTOPHER RYAN PIGGOTT

                                                    MEMORANDUM OPINION[*]BY
v.       Record No. 1797-07-1                        JUDGE D. ARTHUR KELSEY
                                                        SEPTEMBER 23, 2008
COMMONWEALTH OF VIRGINIA



             FROM THE CIRCUIT COURT OF THE CITY OFWILLIAMSBURG
                        AND COUNTY OF JAMES CITY
                      Samuel Taylor Powell, III, Judge

        Stephen A. Hudgins (Cope & Olson, P.L.C., on brief), for appellant.

        Susan M. Harris, Assistant Attorney General (Robert F. McDonnell,
        Attorney General, on brief), for appellee.


        The trial court found Christopher Ryan Piggott guilty of various offenses, including

attempted capital murder of a police officer in violation of Code §§ 18.2-25 and 18.2-31(6).  On

appeal, Piggott argues that the evidence failed to prove his guilt as a matter of law.  We disagree

and affirm.

                                            I.

        On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).  This principle

requires us to "discard the evidence of the accused in conflict with that of the Commonwealth,

and regard as true all the credible evidence favorable to the Commonwealth and all fair

inferences to be drawn therefrom."  Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755,

759 (1980) (emphasis and citation omitted).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

At trial, Officer Jason Shadrix testified that about 4:00 p.m. on July 22, 2006, a police dispatcher directed him to a gas station convenience store to arrest Piggott on several outstanding arrest warrants. When Shadrix arrived, he saw Piggott driving away. Shadrix displayed his emergency flashing lights in an effort to stop Piggott. Piggott ignored the lights, abruptly accelerated, and ran a stop sign. Piggott then slowed to a rolling stop to allow his passenger to jump out of the vehicle.

Piggott again accelerated to about 60 miles per hour and entered the left-hand lane of oncoming traffic, passing multiple stopped cars. Several orange construction barrels had been placed alongside the road to cordon off a 30-foot-wide "construction area" of mixed blacktop material and loose gravel. Piggott drove between the barrels into the construction zone.

Another officer, Lieutenant Jeremy Barnett, had positioned himself further ahead in a place where he could deploy "stinger spike strips" to blow out Piggott's tires. Barnett saw Piggott approaching in a straight line between the cones. When Piggott was within about 30 yards of Barnett, Piggott "abruptly jerked" his vehicle to the right and "veered" directly toward Barnett at a 45-degree angle to the curb. Piggott's vehicle struck Barnett at a speed of about 40 to 50 miles per hour, knocked him to the ground, and ran over his foot. After striking Barnett, Piggott fishtailed his vehicle to the left and continued to speed away. Piggott later got out of his vehicle, brandished a firearm at Officer Shadrix, and then shot himself under his chin.

The trial court found Piggott guilty of various charges, including an attempt to kill a police officer in violation of Code §§ 18.2-25 and 18.2-31(6).

II.

SUFFICIENCY OF THE EVIDENCE — ATTEMPT TO KILL

"Sufficiency-of-the-evidence review involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilt beyond a reasonable

doubt." United States v. Powell, 469 U.S. 57, 67 (1984). As an appellate court, we rely "on the adversarial process to sort out the contested and the uncontested aspects of the case," Logan v. Commonwealth, 47 Va. App. 168, 172, 622 S.E.2d 771, 773 (2005) (*en banc*), and then review the trial court's factfinding "with the highest degree of appellate deference," Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006).

It follows that a reviewing court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original and citation omitted). Instead, we ask only "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson, 443 U.S. at 319) (emphasis in original). These principles recognize that an appellate court is "not permitted to reweigh the evidence," Nusbaum v. Berlin, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007), because appellate courts have no authority "to preside *de novo* over a second trial," Haskins v. Commonwealth, 44 Va. App. 1, 11, 602 S.E.2d 402, 407 (2004).[1]

The trial court found Piggott guilty of attempting to kill a police officer. Under Code § 18.2-31(6), the "willful, deliberate, and premeditated killing of a law-enforcement officer" for the purpose of "interfering with the performance of his official duties" constitutes capital murder. Code § 18.2-25 provides that any person who "attempts to commit an offense which is punishable with death" shall be guilty of a Class 2 felony.

---

[1] This deferential standard of review "applies not only to the historical facts themselves, but the inferences from those facts as well." Crowder v. Commonwealth, 41 Va. App. 658, 663 n.2, 588 S.E.2d 384, 387 n.2 (2003). Thus, a factfinder may "draw reasonable inferences from basic facts to ultimate facts," Haskins, 44 Va. App. at 10, 602 S.E.2d at 406 (citations omitted), unless doing so would push "into the realm of *non sequitur*," Thomas, 48 Va. App. at 608, 633 S.E.2d at 231 (citation omitted).

Criminal attempt requires a specific intent to commit the crime coupled with a direct, though ineffectual, act towards its commission. Coles v. Commonwealth, 270 Va. 585, 589, 621 S.E.2d 109, 111 (2005). An elusive concept, intent is "formed in a person's mind and may be, and frequently is, shown by circumstances." Holley v. Commonwealth, 44 Va. App. 228, 234, 604 S.E.2d 127, 130 (2004) (citations omitted). "Such intent may be inferred from the actor's conduct and the attendant circumstances." 4 Charles E. Torcia, Wharton's Criminal Law § 695, at 589-91 (15th ed. 1996). To be sure, "in criminal attempt cases, 'the fact finder is often allowed broad latitude in determining the specific intent of the actor.'" Siquina v. Commonwealth, 28 Va. App. 694, 700, 508 S.E.2d 350, 353 (1998) (citation omitted).

"A motor vehicle, wrongfully used, can be a weapon as deadly as a gun or a knife." Coles, 270 Va. at 590, 621 S.E.2d at 111 (citation omitted).[2] Homicidal intent can be inferred when the evidence proves a fleeing suspect "swerved" his vehicle and aimed "directly toward" a police officer, Baldwin v. Commonwealth, 274 Va. 276, 281, 645 S.E.2d 433, 435 (2007) (quoting Coles, 270 Va. at 590-91, 621 S.E.2d at 112), particularly when the suspect deviates "at an angle" from his path of travel despite having "plenty of room" to travel "straight ahead" to continue his escape, id. (citing Coles, 270 Va. at 590-91, 621 S.E.2d at 112).[3]

---

[2] An intent to kill "needs to exist only for a moment." Porter v. Commonwealth, 276 Va. 203, 242, 661 S.E.2d 415, 435 (2008) (citations omitted). Homicidal intent, therefore, "need not exist for any specified length of time . . . ." Kirby v. Commonwealth, 50 Va. App. 691, 700, 653 S.E.2d 600, 604 (2007) (quoting Remington v. Commonwealth, 262 Va. 333, 352, 551 S.E.2d 620, 632 (2001) (citation omitted)). "'The ordinary suggestion of the words deliberate and premeditated is of a reflective process,' Professor Costello explains, 'a weighing of pros and cons which continues over time. That ordinary meaning is not part of the law of first degree murder.'" Id. (quoting John L. Costello, Virginia Criminal Law & Procedure § 3.4-4, at 50-51 (3d ed. 2002)).

[3] See, e.g., Holley, 44 Va. App. at 228, 604 S.E.2d at 127 (holding that specific intent to kill could be inferred from the fact that the defendant accelerated toward police officer standing in defendant's path); Stevens v. Commonwealth, 38 Va. App. 528, 567 S.E.2d 537 (2002) (finding evidence sufficient where the defendant turned his vehicle toward police officer, who

Like Coles, this case involves a fleeing suspect targeting a police officer with his speeding vehicle. Though traveling in a straight line up to that point, Piggott "abruptly jerked" his vehicle to the right and "veered" directly toward Officer Barnett at a speed of 40 to 50 miles per hour. When he struck Barnett, Piggott's vehicle was at a 45-degree angle to the curb. Afterwards, Piggott fishtailed his vehicle back into the straight-line path of escape. In short, Piggott had to deviate from his route of escape (which would have been a straight line through the construction cones) to hit Barnett. Because "an intent to kill seldom can be proved by direct evidence," a factfinder must rest his judgment on a "combination of circumstantial factors" suggesting such an intent. Rhodes v. Commonwealth, 238 Va. 480, 486, 384 S.E.2d 95, 98 (1989) (citation omitted). A rational factfinder, under the combined circumstances of this case, could reasonably conclude that Piggott attempted to kill Officer Barnett.

Piggott objects to this reasoning, claiming his hypothesis of innocence — that he was merely trying to get away, not to kill anyone — was plausible and thus should have resulted in his acquittal. When examining an "alternate hypothesis of innocence in a circumstantial evidence case," however, the question is not whether "some evidence" supports the hypothesis, but whether a rational factfinder could have rejected it as unreasonable. Emerson v. Commonwealth, 43 Va. App. 263, 277, 597 S.E.2d 242, 249 (2004) (citing Hudson, 265 Va. at 513, 578 S.E.2d at 785). "Whether the hypothesis of innocence is reasonable is itself a 'question of fact,' subject to deferential appellate review." Haskins, 44 Va. App. at 9, 602 S.E.2d at 406 (citations omitted).

> "Merely because defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded. What weight should be given evidence is a matter for the [factfinder] to decide." Miles v. Commonwealth, 205 Va. 462,

---

was riding a motorcycle, and accelerated rapidly); Moody v. Commonwealth, 28 Va. App. 702, 508 S.E.2d 354 (1998) (affirming conviction where the defendant accelerated toward pedestrian).

467, 138 S.E.2d 22, 27 (1964); <u>see</u> <u>also</u> <u>Lyons v. City of Petersburg</u>, 221 Va. 10, 13, 266 S.E.2d 880, 881 (1980) ("Circumstantial evidence is sufficient to convict if it excludes every reasonable hypothesis of innocence. This occurs when the *trier of facts* has an abiding conviction of the guilt of the accused." (emphasis added)). By finding the defendant guilty, therefore, the factfinder "has found by a process of elimination that the evidence does not contain a reasonable theory of innocence."

<u>Id.</u> (other citations omitted); <u>see</u> <u>also</u> <u>Blow v. Commonwealth</u>, 52 Va. App. 533, 665 S.E.2d 254 (2008).

III.

Ample evidence supports the trial court's finding that Piggott attempted to kill Officer Barnett. We thus affirm Piggott's conviction of attempted capital murder of a police officer in violation of Code §§ 18.2-25 and 18.2-31(6).

<u>Affirmed.</u>