COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Beales and White

CLETIS JULIAN CAVE

MEMORANDUM OPINION[*] BY
v.      Record No. 1175-21-2      CHIEF JUDGE MARLA GRAFF DECKER
SEPTEMBER 13, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Ricardo Rigual, Judge

(Alexander Raymond, on brief), for appellant. Appellant
submitting on brief.

(Jason S. Miyares, Attorney General; Victoria Johnson, Assistant
Attorney General, on brief), for appellee. Appellee submitting on
brief.


Following a jury trial, the Circuit Court of Spotsylvania County convicted Cletis Julian

Cave of refusing to provide a breath sample, subsequent offense within ten years, driving while

intoxicated, subsequent offense, and driving after his license was revoked, subsequent offense. *See*

Code §§ 18.2-266, -268.3, 46.2-391. The appellant argues that the evidence was insufficient to

support his convictions because the Commonwealth failed to establish that he "was operating a

motor vehicle" or was under the influence of alcohol. For the following reasons, we affirm the

convictions.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND[1]

In the early morning of September 4, 2020, a car struck Juan Rodriguez's truck as he was approaching a traffic light. The light was yellow, and Rodriguez was slowing to stop when his truck was hit from behind. It took Rodriguez a "couple of seconds" to stop the truck after it was hit. He got out of the truck and approached the car, which at that point was about five or six inches away from his vehicle. It was dark outside, and the car's headlights were illuminated. The appellant, who was the car's only occupant, was sitting in the driver's seat and attempting to open the driver's side door. He did not respond when Rodriguez asked him if he was okay, but he appeared uninjured. Rodriguez did not smell the odor of alcohol but based on his observations believed that the appellant had been drinking alcohol. Rodriguez returned to his truck, called the police, and waited for about fifteen minutes for the police to arrive.

Virginia State Trooper David Lewis arrived on the scene and saw only the appellant, Rodriguez, and another officer. Before Trooper Lewis got out of his car, he saw the appellant take a step and stumble.[2] Trooper Lewis noticed that the appellant's "speech [was] slurred, his eyes were glassy and bloodshot, [and there was] a heavy odor of alcohol about his person." Trooper Lewis clarified that the smell of alcohol emanated from the appellant's person generally, but he could also smell it on the appellant's breath. Based on Trooper Lewis's experience with intoxicated individuals, he believed that the appellant was "extremely intoxicated."

Trooper Lewis asked the appellant for his driver's license and proof of insurance, and the appellant handed him a Virginia identification card. Trooper Lewis asked if his license was

---

[1] Under the applicable standard of review, this Court views the evidence in the light most favorable to the Commonwealth, as the prevailing party below. *See, e.g.*, *Otey v. Commonwealth*, 71 Va. App. 792, 795 (2020).

[2] Trooper Lewis testified that he did not attempt to get a search warrant because it was against department policy to restrain an individual to collect a blood sample.

suspended, but the appellant did not respond. He denied drinking any alcohol, and when pressed further, he told Trooper Lewis that he did not want to answer any questions. Trooper Lewis tried to discuss the accident, and the appellant replied that Trooper Lewis did not "even know" if he had been driving. The appellant declined to take a field sobriety test or preliminary breath test. Trooper Lewis did not see any alcohol containers or any other indicators that the appellant was drinking alcohol in his car or after the wreck.

The appellant had a set of keys, which included a car door key but not an ignition key. Trooper Lewis noticed that the key ring was "sprung open as if the key [ring] had been pulled apart." The trooper searched in and around the car for the ignition key but could not find it. When he asked the appellant about the key, the appellant reiterated that "he did not answer questions."

Trooper Lewis arrested the appellant for driving under the influence of alcohol and drove him to Rappahannock Regional Jail. On the way, the appellant "basically passed out" in the patrol car. When they arrived at the jail, Trooper Lewis helped the appellant get out of the car. The appellant stumbled as he walked toward the building. As the appellant entered the facility, he nearly walked into a steel door.[3] Trooper Lewis described the appellant as "very out of it." While in custody, the appellant refused to submit to a blood test or breathalyzer.

The Commonwealth charged the appellant with driving after his license was revoked, subsequent offense, refusing to provide a breath sample, subsequent offense within ten years, and driving while intoxicated, subsequent offense. He was tried by a jury and found guilty of all the charged offenses.

---

[3] At trial, the Commonwealth introduced into evidence video footage from Trooper Lewis's patrol car dashboard camera recorded at the scene of the accident.

The appellant made a motion to set aside the verdicts, arguing that the Commonwealth had failed to prove that he was driving or excluded the possibility that he drank alcohol after the crash. The trial court denied the motion. The appellant was sentenced to a total of six years and twelve months of imprisonment, with four years and six months of that sentence suspended.

## II. ANALYSIS

The appellant challenges the sufficiency of the evidence to support his convictions. When reviewing such a challenge, the appellate court presumes "[t]he judgment of the trial court [to be] . . . correct[,] and [that judgment] will not be disturbed unless it is plainly wrong or without evidence to support it." *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (first alteration in original) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)).

"If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)). This deference is also owed to the fact finder's inferences drawn "from basic facts to ultimate facts." *See Davis v. Commonwealth*, 65 Va. App. 485, 500 (2015) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In conducting this review, the appellate court "does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). Instead, the "relevant question is . . . whether any rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt." *Commonwealth v. Cady*, 300 Va. 325, 329 (2021) (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)).

This "inquiry does not distinguish between direct and circumstantial evidence, as the fact finder . . . 'is entitled to consider all of the evidence, without distinction, in reaching its

determination.'" *Commonwealth v. Moseley*, 293 Va. 455, 463 (2017) (quoting *Commonwealth v. Hudson*, 265 Va. 505, 512-13 (2003)). "Circumstantial evidence is not 'viewed in isolation' because the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable [fact finder]' to conclude beyond a reasonable doubt that a defendant is guilty." *Rams v. Commonwealth*, 70 Va. App. 12, 27 (2019) (alteration in original) (quoting *Muhammad v. Commonwealth*, 269 Va. 451, 479 (2005)).

The appellant challenges his convictions for driving while under the influence of alcohol, refusing to provide a breath sample, and driving after his license was revoked, in violation of Code §§ 18.2-266, -268.3, 46.2-391, respectively. Code § 18.2-266 provides that "[i]t shall be unlawful for any person to drive or operate any motor vehicle . . . while such person is under the influence of alcohol." Under Code § 18.2-268.2(A), in relevant part, any person arrested for driving under the influence is deemed to have consented to chemical testing to determine blood-alcohol level. In turn, Code § 18.2-268.3(A) provides that "[i]t is unlawful for a person who is arrested for" driving under the influence "to unreasonably refuse to have samples of his breath taken for chemical tests to determine the alcohol content of his blood as required by § 18.2-268.2." Finally, under Code § 46.2-391(D), any person who drives with a revoked license and in violation of Code § 18.2-266 is guilty of a felony.

The appellant suggests two reasons why the evidence was insufficient. First, he argues that the Commonwealth failed to prove that he operated the vehicle. Second, the appellant contends that assuming the Commonwealth proved he was the driver, the evidence failed to establish that he was under the influence of alcohol while driving or in physical control of the vehicle.

### 1. Operation of a Motor Vehicle

The appellant argues that the trial court erred by not setting aside the jury's verdict because the Commonwealth failed to prove that he had operated the motor vehicle, an essential element for

each of his three convictions.  *See* Code § 18.2-266 (driving under the influence); Code

§ 18.2-268.3(A) (unreasonable refusal); Code § 46.2-391(D) (driving with a revoked license).

Code § 46.2-100 defines an "operator" or "driver" as "every person who . . . drives or is in actual physical control of a motor vehicle on a highway."  *See Sarafin v. Commonwealth*, 288 Va. 320, 326 (2014) ("[A]ny individual who is in actual physical control of a vehicle is an operator." (quoting *Enriquez v. Commonwealth*, 283 Va. 511, 516 (2012))).  "'[O]perating a vehicle' does not require the engine to be running, that the operator move the vehicle, or that a driver even be sitting in the vehicle."  *Synan v. Commonwealth*, 67 Va. App. 173, 186 (2017) (quoting *Dugger v. Commonwealth*, 40 Va. App. 586, 592 (2003)).

In this case, the Commonwealth presented evidence that immediately after the car struck Rodriguez's truck, he got out of the truck and approached the car directly behind it.  Rodriguez saw that the appellant was the car's only occupant and was sitting in the driver's seat, trying to get out. Given the timing and circumstances, this evidence entirely supports the jury's finding that the appellant was the driver at the time of the collision, when the vehicle was necessarily moving.

This conclusion was further supported by the testimony of Trooper Lewis.  Although Trooper Lewis did not find the car's ignition key, the appellant possessed a key ring with the car's door key on it.  The key ring appeared to be "sprung open" as if it "had been pulled apart."  Based on this evidence, it was reasonable for the jury to infer that in addition to the car door key, the appellant had been in possession of the ignition key and discarded it after the crash in such a way that Trooper Lewis could not find it.  *See Palmer v. Commonwealth*, 14 Va. App. 346, 348-49 (1992) (recognizing that "concealment" is "admissible as evidence of consciousness of guilt" (quoting *Langhorne v. Commonwealth*, 13 Va. App. 97, 102 (1991))); *see also Lyons v. City of Petersburg*, 221 Va. 10, 12 (1980) (per curiam) ("While courts and juries must decide cases

- 6 -

according to the law and the evidence, they necessarily evaluate the evidence in the light of human experience.").

The appellant contends that the Commonwealth failed to exclude the possibility that someone else drove the car, crashed it, and then left with the ignition key. In support of this hypothesis, he suggests that the evidence does not establish that he was alone in the car, the keys were in the ignition, or the car was running when Rodriguez approached it. In addition, he argues that because Trooper Lewis did not find the car's ignition key at the scene of the accident, this refutes the inference that he was the driver.

"The only requirement" in a circumstantial case is that the Commonwealth "put on enough circumstantial evidence such that a reasonable [fact finder] could have rejected [the] defendant's [hypothesis] of innocence." *Davis*, 65 Va. App. at 502. "The reasonable-hypothesis principle . . . is 'simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt.'" *Moseley*, 293 Va. at 464 (quoting *Hudson*, 265 Va. at 513). The Commonwealth is required to "exclude only reasonable hypotheses of innocence that 'flow from the evidence itself, and not from the imagination' of the defendant." *Kelley v. Commonwealth*, 69 Va. App. 617, 629 (2019) (quoting *Pijor*, 294 Va. at 512). "[M]erely because [a] defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded." *Edwards v. Commonwealth*, 68 Va. App. 284, 301 (2017) (second alteration in original) (quoting *Haskins v. Commonwealth*, 44 Va. App. 1, 9 (2004)). As long as "a rational factfinder could reasonably reject [the appellant's] theories in his defense and find that the totality of the suspicious circumstances proved [his guilt] beyond a reasonable doubt," the appellate court must affirm the convictions. *See Moseley*, 293 Va. at 466.

The jury weighed the evidence and rejected the appellant's hypothesis that there was someone else in the car and driving it when the crash occurred. This conclusion is supported by the

evidence that immediately after the accident, the appellant, the car's only occupant, was sitting in the driver's seat and trying to get out of the car. The jury could reasonably infer that the vehicle that just struck Rodriguez's truck had been operated by the sole occupant, who was behind the steering wheel. *See, e.g.*, *Lyons*, 221 Va. at 11-13. There was simply no evidence in the record to suggest that another person was with the appellant. In addition, the appellant had a key ring with the car's door key on it. Although the ignition key was missing and the trooper could not find it, the evidence supported the inference that the appellant discarded it in an effort to conceal his guilt. Further, contrary to the appellant's suggestion that the Commonwealth failed to show that the vehicle was running when he was behind the steering wheel, the law does not require proof that the engine was running. *See Synan*, 67 Va. App. at 186.

Based on this record, the jury was entitled to reject the appellant's hypothesis that another person was driving. *See Kelley*, 69 Va. App. at 629 (noting that the Commonwealth does not need to exclude hypotheses of innocence arising from the defendant's "imagination" rather than the evidence (quoting *Pijor*, 294 Va. at 512)). The evidence was sufficient for the jury to conclude that the appellant was operating the car at the time of the collision.

### 2. Under the Influence of Alcohol

The appellant contends that the evidence did not support his conviction for operating a motor vehicle while under the influence of alcohol because neither Rodriguez nor Trooper Lewis observed any alcoholic beverage containers in or around the car. Therefore, the appellant continues, "it is *pure speculation*" that he was intoxicated because the "evidence failed to exclude the possibility that [his] slurring of speech and uncoordinated behavior were . . . the result of imbibing after operating the vehicle" or of an injury from the car crash.

Code § 18.2-266 provides that "[i]t shall be unlawful for any person to drive or operate any motor vehicle . . . while such person is under the influence of alcohol." As defined here, a person is

under the influence of alcohol when he "has drunk enough alcoholic beverages to observably affect his manner, disposition, speech, muscular movement, general appearance or behavior." *See Leake v. Commonwealth*, 27 Va. App. 101, 110 (1998) (applying the Code § 4.1-100 definition of intoxication to Code § 18.2-266). Without chemical testing, this element may be proved by considering "all of the evidence of [the accused's] condition at the time of the alleged offense." *Beckham v. Commonwealth*, 67 Va. App. 654, 662 (2017) (alteration in original) (quoting *Leake*, 27 Va. App. at 109).

The Commonwealth presented evidence that the appellant rear-ended the vehicle in front of him at a traffic light. Both Rodriguez, the driver of the other vehicle, and Trooper Lewis believed the appellant had drunk alcohol. Trooper Lewis, based on his experience with intoxicated individuals, described the appellant as "extremely intoxicated." Even before Trooper Lewis got out of his patrol car, he saw the appellant take a step and stumble. The trooper described his observations at the accident scene, stating that the appellant exhibited slurred speech, had glassy and bloodshot eyes, and smelled strongly of alcohol. *See Leake*, 27 Va. App. at 109-11. The smell of alcohol was both generally on his person and specifically on his breath. The appellant declined to take any field sobriety tests. *See Jones v. Commonwealth*, 279 Va. 52, 59-60 (2010) (holding that in light of the defendant's mental and physical state, his refusal to comply with an officer's request to perform field sobriety tests was probative "circumstantial evidence tending to show an awareness that his consumption of alcohol would affect his ability to perform those tests"). After his arrest, the appellant "basically passed out" in Trooper Lewis's patrol car on the way to the jail. Once there, the appellant walked unsteadily and nearly walked into a steel door as he entered the facility. In addition to hearing the descriptive evidence, the jury viewed the video footage, which showed the appellant slurring his speech and stumbling.

In contrast, the record is devoid of any evidence that the appellant consumed alcohol *after* the collision. While Rodriguez waited for the police, he did not see the appellant drinking any alcoholic beverages. Trooper Lewis, who searched in and around the car for the ignition key, did not find any signs that the appellant drank alcoholic beverages while at the scene of the crash. Consequently, the appellant's suggestion that the Commonwealth failed to refute that he had been drinking after the accident is unavailing. There is simply no evidence to suggest such a contention.

The appellant also argues that his slurred speech and uncoordinated behavior could have been attributable to "natural affects" or "the car accident." However, the conclusion that the appellant's lack of coordination and mannerisms were caused by alcohol intoxication was supported by the record, and there was no evidence that the appellant was injured during the accident. In fact, the appellant did not have any visible injuries. The Commonwealth was not required to exclude all conceivable innocent explanations for his behavior, and the odor of alcohol was on his breath and on his person. *See generally Ragland v. Commonwealth*, 67 Va. App. 519, 531 (2017) ("[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." (quoting *Case v. Commonwealth*, 63 Va. App. 14, 23 (2014))).

The evidence of the appellant's "manner, disposition, speech, muscular movement, general appearance[, and] behavior," as well as the odor of alcohol on his breath and about his person supported the jury's conclusion that he was intoxicated while driving. *See Leake*, 27 Va. App. at 110 (quoting Code § 4.1-100). The circumstances in this case provided a more than adequate basis for convicting the appellant of driving under the influence of alcohol.

### III. CONCLUSION

Based on the record, the evidence was sufficient for the jury to find that the appellant was operating the car and was under the influence of alcohol at the time of the crash. Therefore, the

evidence was sufficient to support his convictions for driving under the influence of alcohol, driving after his license was revoked, and refusing to provide a breath sample. Accordingly, we affirm the judgments of the trial court.

*Affirmed.*