# COURT OF APPEALS OF VIRGINIA

**Record No. 0351-25-2**

HILARY BALTIMORE EDMOND
v.
COMMONWEALTH OF VIRGINIA

Present: Judges Beales, O'Brien and Ortiz
Argued by videoconference

Opinion Issued May 26, 2026[*]

### FROM THE CIRCUIT COURT OF HANOVER COUNTY
Victoria A.B. Willis, Judge

Richard A. H. Quitiquit (Jurach, Tacey & Quitiquit, PLC, on brief), for appellant.

J. Brady Hess, Assistant Attorney General (Jason S. Miyares,[1] Attorney General, on brief), for appellee.

### MEMORANDUM OPINION BY
### JUDGE MARY GRACE O'BRIEN

Following a bench trial, the circuit court convicted Hilary Baltimore Edmond of driving under the influence, third offense within five years, in violation of Code §§ 18.2-266 and 18.2-270; and driving with a revoked license while under the influence, after multiple prior DUI convictions, in violation of Code § 46.2-391(D)(2)(a)(ii).[2] The court imposed a sentence that included the

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

[2] Edmond also pleaded guilty to misdemeanor refusal of a breath test, second offense, in violation of Code § 18.2-268.3.

mandatory minimum of 12 months' confinement set forth in Code § 46.2-391(D)(2)(a)(ii).[3]  On appeal, Edmond challenges his conviction under this statute, arguing that the evidence failed to prove he was "driving" with a revoked license while under the influence.  Instead, he asserts that the evidence proved only that he was "operating" the car and thus subject to a misdemeanor conviction under Code § 18.2-272.  For the following reasons, we affirm.

BACKGROUND

"On appeal, we state the facts 'in the light most favorable to the Commonwealth, giving it the benefit of any reasonable inferences.'"  *Allison v. Commonwealth*, 73 Va. App. 414, 415 (2021) (quoting *Mitchell v. Commonwealth*, 73 Va. App. 234, 239 (2021)).  "In doing so, we discard any of the appellant's conflicting evidence[] and regard as true all credible evidence favorable to the Commonwealth."  *Id.* at 415-16 (quoting *Moreno v. Commonwealth*, 73 Va. App. 267, 271 (2021)).

On February 12, 2024, at approximately 1:25 a.m., Trooper George Stephenson of the Virginia State Police was driving northbound on I-295 from Route 301 in Hanover County when he saw a car parked in the "gore area" with its headlights on.  The gore area is "between the on-ramp and the main line of the interstate."  It was raining, the car's hazard lights were not on, and traffic was passing close by on both sides of the car.  Around 1:34 a.m., Trooper Stephenson decided to "check on the vehicle because it was not in a very good spot."  He saw the car's sole occupant, later identified as Edmond, in the driver's seat "rolled over" and facing the driver's side window.  Trooper Stephenson banged on the passenger window several times, but Edmond did not react.  Trooper Stephenson went to the driver's side of the car and repeatedly banged on that window, but again Edmond did not react.  Edmond was "clearly asleep."  Edmond finally awakened when Trooper Stephenson opened the driver's car door and identified himself.

---

[3] The sentence also included a mandatory minimum in Code § 18.2-270(C)(1) of six months' confinement and $1000 fine.

Edmond was "very confused and disoriented," his eyes were bloodshot, and he smelled of alcohol. His "speech was very mumbled and slurred." Edmond told Trooper Stephenson that he was going to his mother's house and pointed toward Route 301. The trooper asked Edmond if he knew where he was, and Edmond responded that he was in Norfolk. Edmond was "unclear" where he actually was, variously referencing both Norfolk and Newport News before stating that "he was heading to Alexandria." In fact, Edmond was in Hanover County when he spoke with Trooper Stephenson.

Edmond's car keys were in the ignition switch, and the ignition was turned to the accessory mode. Stephenson turned the keys to the off position and removed them from the ignition switch. Edmond produced an identification card and said that his driver's license had been suspended.

At trial, Edmond stipulated that he had two prior DUI convictions within a five-year period, thus resulting in the loss of his driver's license. He also stipulated to the intoxication element of the offenses, admitting that he was "under the influence" of alcohol.

The Commonwealth rested, and Edmond moved to strike on the ground that the court could find he was asleep and had not been operating the car at the time of the offenses. After the court denied his motion, Edmond offered no evidence and renewed his motion to strike. He asserted that the evidence merely proved a misdemeanor violation of Code § 18.2-272, rather than the charged felony offense under Code § 46.2-391(D)(2)(a)(ii), because it showed that he had "operated" but not "driven" his vehicle. Edmond noted that Code § 46.2-391(D)(2)(a)(ii) specifically prohibits "driving" with a revoked license while under the influence, whereas subsection H of that statute separately punishes "operat[ing]" a car with a revoked license and refers to Code § 18.2-272. In turn, Code § 18.2-272 contains numerous references to "drives or operates."

Edmond also claimed it was a reasonable hypothesis of innocence that some other person had driven him to the gore area. The Commonwealth responded that, regardless of any statutory

difference between "operating" and "driving," the evidence proved that Edmond had driven his car. The court denied Edmond's motion and convicted him as charged.[4]

ANALYSIS

"When an appellate court reviews the sufficiency of the evidence underlying a criminal conviction, its role is a limited one." *Commonwealth v. Garrick*, 303 Va. 176, 182 (2024). "The judgment of the trial court is presumed correct and will not be disturbed unless it is 'plainly wrong or without evidence to support it.'" *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017) (quoting Code § 8.01-680). "Thus, 'it is not for this [C]ourt to say that the evidence does or does not establish [the defendant's] guilt beyond a reasonable doubt because as an original proposition it might have reached a different conclusion.'" *Commonwealth v. Barney*, 302 Va. 84, 97 (2023) (alterations in original) (quoting *Cobb v. Commonwealth*, 152 Va. 941, 953 (1929)).

"The 'reasonable hypothesis of innocence' concept is also well defined. The Commonwealth need exclude only reasonable hypotheses of innocence that 'flow from the evidence itself, and not from the imagination' of the defendant." *Kelley v. Commonwealth*, 69 Va. App. 617, 629 (2019) (quoting *Pijor*, 294 Va. at 512). "[W]hether an alternate hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on [this Court] unless plainly wrong." *Clark v. Commonwealth*, 78 Va. App. 726, 752 (2023) (alterations in original) (quoting *Maust v. Commonwealth*, 77 Va. App. 687, 700 (2023) (en banc)).

"It is firmly established that '[c]ircumstantial evidence is competent and is entitled to as much weight as direct evidence provided that the circumstantial evidence is sufficiently

---

[4] At trial, Edmond conceded that the evidence was sufficient to convict him of driving under the influence, third offense within five years, in violation of Code §§ 18.2-266 and 18.2-270. And he does not appeal that DUI conviction. We note, however, that his DUI conviction does not necessarily satisfy the "driving" element of Code § 46.2-391(D)(2)(a)(ii), as the DUI statute encompasses both driving and operating. *See* Code § 18.2-266 (making it "unlawful for any person to *drive or operate* any motor vehicle" while intoxicated (emphasis added)).

- 4 -

convincing to exclude every reasonable hypothesis except that of guilt.'" *Kelley*, 69 Va. App. at 629 (alteration in original) (quoting *Pijor*, 294 Va. at 512). "Circumstantial evidence is not 'viewed in isolation' because the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable [fact finder]' to conclude beyond a reasonable doubt that a defendant is guilty." *Rams v. Commonwealth*, 70 Va. App. 12, 27 (2019) (alteration in original) (quoting *Muhammad v. Commonwealth*, 269 Va. 451, 479 (2005)). "The only requirement for the Commonwealth is that it put on enough circumstantial evidence that a reasonable [trier of fact] could have rejected a defendant's claim of innocence." *Davis v. Commonwealth*, 65 Va. App. 485, 502 (2015).

"To the extent an assignment of error involves statutory construction, we review these issues *de novo*." *Quyen Vinh Phan Le v. Commonwealth*, 65 Va. App. 66, 76 (2015). "This same *de novo* standard of review applies to determining the proper definition of a particular word in a statute." *Joseph v. Commonwealth*, 64 Va. App. 332, 337 (2015).

Edmond was convicted under Code § 46.2-391(D)(2)(a)(ii), which, in relevant part, makes it a felony for anyone "convicted of driving a motor vehicle . . . while his license is revoked pursuant to subsection A or B" and "such driving . . . takes place while such person is in violation of . . . [Code] § 18.2-266." Edmond concedes that the evidence proved he "operated" the vehicle but asserts that he did not "drive" it, an element of the offense under Code § 46.2-391(D)(2)(a)(ii). Edmond maintains that he instead should have been convicted of a misdemeanor under Code § 18.2-272, which makes it illegal to "drive[] or operate[] any motor vehicle on any highway" with a revoked license. Edmond contends that this drive-or-operate language in Code § 18.2-272 is broader in scope than Code § 46.2-391(D)(2)(a)(ii), which proscribes only "driving." Edmond notes that Code § 46.2-391(H) makes it a violation of Code § 19.2-272 for "[a]ny person who operates a motor vehicle" while his license is revoked and

"where the provisions of subsection D do not apply." Edmond contends that this subsection of the revocation statute reflects legislative intent to punish operating a car differently from driving a car.

It is settled that "operating" a motor vehicle "not only includes the process of moving the vehicle from one place to another, but also includes starting the engine, or manipulating the mechanical or electrical equipment of the vehicle without actually putting the car in motion." *Sarafin v. Commonwealth*, 62 Va. App. 385, 397 (2013) (quoting *Williams v. City of Petersburg*, 216 Va. 297, 300 (1975)). "[D]riving" a motor vehicle "means putting [it] in motion." *Rix v. Commonwealth*, 56 Va. App. 749, 752 (2010) (quoting *Gallagher v. Commonwealth*, 205 Va. 666, 668-69 (1964)); *see also Stevenson v. Falls Church*, 243 Va. 434, 437 (1992) (defining "operator" and "driver"). Yet we need not decide Edmond's statutory arguments because the evidence, viewed in the light mandated on appeal, makes clear that Edmond both operated and drove his car under the influence of alcohol and therefore violated Code § 46.2-391(D)(2)(a)(ii).[5]

The evidence established that Trooper Stephenson spotted Edmond's car stopped in the gore area between an interstate's on-ramp and the interstate itself at 1:25 a.m. The car was in a dangerous location, given that it was raining, the car's hazard lights were not on, and traffic was passing close by on both sides of the car. Edmond was slumped over and asleep in the driver's seat; no one else was in or near the car. The keys were in the ignition switch, activating the car to accessory mode. Edmond conceded that he was intoxicated and his actions amounted to the operation of his car.

---

[5] "'[T]he doctrine of judicial restraint dictates' that appellate courts 'decide cases "on the best and narrowest grounds available."'" *Drexel v. Commonwealth*, 80 Va. App. 720, 751 (2024) (alteration in original) (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017)). "The 'best' ground is the one agreed upon by the largest number of jurists, and the 'narrowest' ground is the one affecting the fewest cases." *R.T. v. Commonwealth*, 86 Va. App. 293, 302 n.11 (2025) (quoting *Butcher v. Commonwealth*, 293 Va. 392, 396 (2020)).

Edmond made statements to Trooper Stephenson about being in transit. He told the trooper that he was going to his mother's home and pointed toward Route 301. He variously stated that he was in Newport News and Norfolk and ultimately said that "he was heading to Alexandria" but was unaware of his current location. In denying Edmond's motion to strike, the court agreed with the Commonwealth's argument that, because the car was parked on the side of the interstate and "no one else [was] in the car," Edmond "had to have gotten there somehow and he drove there." The court rejected Edmond's hypothesis of innocence that some other person had driven him to the gore area.

A trier of fact's rejection of a claimed reasonable hypothesis of innocence is a finding of fact and thus is binding on appeal unless plainly wrong or not fairly supported by the evidence. *Clark*, 78 Va. App. at 752. Prior decisions with similar facts have found sufficient evidence of "driving" by a defendant. *See, e.g.*, *Lyons v. Petersburg*, 221 Va. 10 (1980); *Propst v. Commonwealth*, 24 Va. App. 791 (1997). In *Lyons*, an intoxicated defendant's car was found late at night on a city street after striking a parked vehicle and knocking it forward 25 to 30 feet. 221 Va. at 11-12. Although no witness saw the defendant driving his car or the car in motion, the defendant was found "sitting behind the steering wheel," and he "admitted that he had been drinking." *Id.* at 12. The court found it reasonable for the responding officer to have concluded that the defendant had run into the parked car based on street markings, the damage each car sustained, and the distance the struck vehicle was pushed. *Id.* In affirming the defendant's conviction for driving under the influence, the Supreme Court stated that it "strain[ed] . . . credulity to believe that the accident involved here happened other than in the manner claimed by the [prosecution]" and it could "be inferred that [the defendant's] car was where it was at the time because he drove it there." *Id.* at 13.

Similarly, in *Propst*, a trooper found the defendant's truck at night stopped in the intersection of two roadways. 24 Va. App. at 792-93. The truck's dashboard lights and hazard lights were on, and the key was in the ignition. *Id.* at 793. The trooper had to wake up the intoxicated defendant, who was asleep in the driver's seat. *Id.* The defendant admitted he had been "driving around." *Id.* We held that the evidence was sufficient to sustain the defendant's conviction for driving under the influence, stating the trier of fact had "correctly concluded from this circumstantial evidence that the only plausible way for the truck to have arrived at the intersection was for [the defendant] to have driven it there." *Id.* at 795.[6]

Here, the court's factual finding that Edmond had driven his car to the location where Trooper Stephenson spotted it—a sliver of road between an interstate and an on-ramp—was equally reasonable. Edmond admitted he was in transit, telling the trooper that he was on his way to his mother's house in Alexandria. Nothing in the record indicates that a second person had driven the car. Likewise, Edmond did not claim that he had been so intoxicated that his statements to the trooper were untrue. A hypothesis of innocence must flow from the evidence and not from the defendant's imagination. *Kelley*, 69 Va. App. at 629. Edmond cannot successfully challenge the sufficiency of the evidence that he had driven the car, and thus violated Code § 46.2-391(D)(2)(a)(ii), by relying on the sheer improbability that someone else had driven him to the precarious gore area and left him alone and drunk in the driver's seat late at night in the rain. *See Nelson v. Commonwealth*, 281 Va. 212, 217-18 (2011) (rejecting defendant's challenge to proof he "operated" motor vehicle because "there was no burden on the Commonwealth to negate what 'could have been' or what was a 'possibility'").

---

[6] In *Hall v. Commonwealth*, 25 Va. App. 352, 355 (1977), although we reversed a reckless driving conviction, we stated that facts similar to those in this appeal "were such as to give rise to an inference that [the defendant] drove her car to the location where [the investigating officer] found her."

Considering the circumstantial evidence that Edmond had driven the car, and the absence of support for his hypothesis of innocence, the court's rejection of it was not plainly wrong, and the evidence was sufficient to sustain his conviction under Code § 46.2-391(D)(2)(a)(ii).

CONCLUSION

For these reasons, we affirm the circuit court's judgment.

*Affirmed.*